**R. L. BLACK et al., Plaintiffs,**

v.

**UNITED STATES of America et al.,
Defendants.**

**No. 74 C 1007.**

United States District Court,
E. D. New York.

Feb. 7, 1975.

Thomas Hoffman, New York City, for plaintiffs.

David G. Trager, U. S. Atty., E. D. N. Y. by John R. Tjaden, U. S. Dept. of Justice, and George H. Weller, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This case is before the court on plaintiffs' motion for a preliminary injunction, F.R.Civ.P. 65, and on defendants' motion to dismiss the original complaint and amended complaint for lack of jurisdiction over the defendants or over the subject matter of the action, F.R.Civ.P. 12(b)(2) and (1), and for failure to state a claim upon which relief can be granted, F.R.Civ.P. 12(b)(6).

Plaintiffs in this alleged class action are R. L. Black ("Black"), the sole proprietor of an income tax preparation service, and a number of his clients suing on behalf of themselves and all others similarly situated. Defendants are the United States, the Secretary of the Treasury, the Commissioner of the Internal Revenue Service ("IRS"), the District Director of IRS in Brooklyn and "other unknown agents" of the IRS. Various forms of declaratory, injunctive and monetary relief are sought against the defendants, essentially on the claim that they are conducting an investigation of Black and of his clients' tax returns and liability in a manner violative of his and their constitutional and statutory rights and with the intent of driving Black out of business as a tax preparer.[1] The court's jurisdiction is

---

1. Paragraph 23 of plaintiffs' complaint alleges:

"23. That upon information and belief, and by virtue of the acts of defendants

invoked under 28 U.S.C. §§ 1331, 1340, 1343(4), 1346, 2201 and 2202, 2671 et seq., and 42 U.S.C. § 1981.

There being no answer or answering affidavit on behalf of defendants, the facts appearing in the complaint, amended complaint and affidavits of plaintiffs supporting their motion for a preliminary injunction are taken as true for purposes of all the pending motions.

Black has been engaged in the income tax preparation business since 1971 and presently has some 560 clients. In a letter dated June 26, 1974, the IRS informed Black that a number of tax returns prepared by him for clients for tax years 1972 and 1973 were under a special joint investigation with the IRS intelligence division. By a subsequent letter dated August 28, 1974, Black was further informed that the IRS had "under consideration a recommendation that criminal proceedings be instituted against you on account of such returns." Black is a black citizen and virtually all of his clients are black, a substantial number being people of low income.

In pursuing their investigation of Black, IRS agents have made repeated visits to the homes of plaintiff clients and to their places of employment. Some 85 clients have been interrogated about their dealings with Black, have been informed that he is under criminal investigation and have been warned that they would be called in for audits unless they cooperated in furnishing information. Clients have been told that their refund checks would be withheld pending completion of the investigation, including some who submitted short form returns claiming only standard deductions. More than 120 clients have had their refund checks withheld. More recently, almost 200 of the clients have received notice that all deductions claimed

by them on their respective returns have been denied.[2] Summonses have been issued to clients calling for records pertaining to the tax liability of Black or for documents already in the possession of the IRS and have been made returnable in less than the 10 days provided by statute. Other clients have been informed that unless they came to the IRS office voluntarily to discuss the investigation of Black, they would receive summonses.

In requesting injunctive relief, Black asserts that he does not seek to halt any investigation of his business. His complaint is directed to the alleged intimidating tactics of IRS agents in summoning and interrogating his clients, repeatedly visiting them at their places of business and homes, threatening them with summonses and audits, telling them that Black is under criminal investigation and that any refunds due them will be withheld pending completion of the investigation. This, he contends, is a calculated plan to cause his clients to cease patronizing him and drive him out of the tax return preparation business in violation of the due process clause of the Fifth Amendment and of the Internal Revenue Code and regulations.

Defendants contend that the court is without jurisdiction to entertain such a claim. They point to the established rule that governmental officials acting within the scope of their authority have an absolute privilege and immunity from suits being filed against them which arise out of the performance of their duties. Moreover, they maintain, the court lacks jurisdiction over the United States itself, since it is fundamental that the doctrine of sovereign immunity bars such a suit unless immunity has been waived. Here, defendants maintain, not only is there no such waiver but Con-

and their agents and employees set forth in paragraphs 18 through 21 hereof, the defendants and their agents and employees are attempting to destroy plaintiff R. L. Black's business. On at least one occasion, an agent of the Internal Revenue Service informed plaintiff R. L. Black's

clients that the Internal Revenue Service was going to 'run plaintiff R. L. Black out of business.'"

2. Letter of plaintiffs' attorney to the court, dated January 15, 1974, enclosing copy of Form 1902–E sent to one of the clients.

gress has expressly decreed that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

■ Turning first to the threshold question of jurisdiction, it is manifest that this action cannot be maintained against the United States, the Secretary of the Treasury, or the Commissioner or District Director of IRS. The named officials are being sued only because they are in charge of an executive department and agency of the government on whose behalf the unknown IRS agents are performing the acts about which complaint is made. As such officials, the named defendants are absolutely immune from suit. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958); Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 456 F.2d 1339, 1342–43 (2 Cir. 1972). Nor are §§ 1340 and 1343 of Title 28, U.S.C., which plaintiffs invoke, a waiver of that immunity or a consent by the United States to be sued on a claim such as that presented here. De Masters v. Arend, 313 F.2d 79, 84 (9 Cir. 1963).

A further barrier to the jurisdiction of this court is the Anti-Injunction Act, 26 U.S.C. § 7421(a), previously quoted. The language of that Act, the Supreme Court recently noted, "could scarcely be more explicit" in barring suits to enjoin the IRS or to obtain declaratory relief to forestall its activities in matters related to its statutory duties. Bob Jones University v. Simon, 416 U.S. 725, 94 S. Ct. 2038, 40 L.Ed.2d 496 (1974); see also Alexander v. "Americans United" Inc., 416 U.S. 752, 94 S.Ct. 2053, 40 L. Ed.2d 518 (1974). Explaining the purposes of the Act, the Court stated:

"The Court has interpreted the principal purpose of this language to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference . . . [citations omitted]. The Court has also identified 'a collateral objective of the Act—protection of the collector from litigation pending a suit for refund.' [Enochs v. Williams Packing & Navigation Co.] Williams Packing, 370 U.S., [1] at 7–8, 82 S.Ct. [1125] at 1129 [8 L.Ed.2d 292]." Id. 94 S.Ct. at 2046 (footnote omitted).

■■ The injunctive or declaratory relief sought by plaintiffs here falls squarely within the literal prohibition of the statute. Regardless of the motivation of the IRS agents who are conducting the investigation, the interviewing of taxpayers regarding their returns, the issuance of summonses, the requiring of audits and the withholding of refunds are all matters related to the assessment and collection of taxes. The Anti-Injunction Act removes from the court jurisdiction to intervene except as expressly provided for by Congress. The barrier is not removed by claims of denial of equal protection and due process, 42 U.S.C. § 1981 et seq., and invoking the court's authority under 28 U.S. C. § 1343. See Bob Jones University, supra, 94 S.Ct. at 2052.

"[T]he constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti-Injunction Act." Alexander, supra, 94 S.Ct. at 2058.

■ This is not to say that plaintiffs are left wholly without remedy. The plaintiff taxpayer clients of Black may resist compliance with an IRS summons they consider unreasonable and require the government to seek enforcement in court. The taxpayer may then be heard on his objections and the court will decide whether and to what extent the summons shall be enforced. See United States v. Theodore, 479 F.2d 749, 752 (4 Cir. 1973). If refunds have been improperly withheld, claims may be prosecuted pursuant to the statutory scheme for claiming refunds, 26 U.S.C. § 7422.

■ As for plaintiff Black, even though the Civil Rights Act, 42 U.S.C.

§ 1983, does not apply to federal officers, *Bivens, supra,* 456 F.2d at 1346, those who have actually violated a person's constitutional rights are personally subject to suit in a federal court to recover damages provided the amount-in-controversy requirement is satisfied. Lynch v. Household Finance Corp., 405 U.S. 538, 547, 92 S.Ct. 1113, 1119, 31 L. Ed.2d 424 (1972). Thus Black also may have a remedy if it can be proved that the "unknown agents" of the IRS acted in bad faith and caused him damage by depriving him of rights guaranteed by the Fifth Amendment and the laws of the United States. States Marine Lines, Inc. v. Schultz, 498 F.2d 1146, 1157 (4 Cir. 1974). Here, however, the complaint states no claim of present damage, only the fear that Black *may* lose clients if the investigation continues unchecked.

Accordingly, plaintiffs' motion for a preliminary injunction is denied and defendants' motion to dismiss the complaint as amended is granted.

So ordered.

The Clerk of the Court is directed to enter judgment in favor of the defendants and against the plaintiffs dismissing the complaint as amended.