610 F.2d 701
 80-1 USTC P 9185
 Michael O. CAMPBELL, Michael Lynn Bulkley, William Guy
Roberts, William Spencer Lawson, Luther M. Jensen,
Larry E. Rowlson, Harold Lee Worman,
Plaintiffs-Appellants,
v.
AMAX COAL COMPANY and Bob G. Hughes, an Individual,
Defendants-Appellees.
 No. 78-1697.
 United States Court of Appeals,
Tenth Circuit.
 Submitted March 13, 1979.
Decided Dec. 17, 1979.
 
 Michael O. Campbell, Michael Lynn Bulkley, William Guy Roberts, William Spencer Lawson, Jr., Luther M. Jensen, Larry E. Rowlson, and Harold Lee Worman, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard Farber, Ronald A. Dweck, Attys., Tax Division, Dept. of Justice, Washington, D. C., and Charles E. Graves, U. S. Atty., Cheyenne, Wyo., for defendant-appellee Bob G. Hughes.
 Before SETH, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, proceeding Pro se, brought an action in the United States District Court for the District of Wyoming pursuant to 42 U.S.C. §§ 1983, 1985, 1986. In their complaint, appellants alleged a violation of their Fifth Amendment protection against the taking of property without due process. Named as defendants, appellees herein, were Bob Hughes, Director of the Wyoming Division of the Internal Revenue Service, and Amax Coal Company, employer of the appellants. Appellants' complaint stemmed from an investigation authorized by Director Hughes of employee withholding certificates, See 26 U.S.C. §§ 7601(a), 3402(n), and actions of Amax Coal Company in compliance with the Director's instructions.
 
 
 2
 The district court found that Director Hughes acted within the outer perimeter of his authority believing that his actions were lawful, and that Amax Coal Company acted in compliance with what it believed to be the laws and directions of the Internal Revenue Service. Therefore, the district court granted appellees' motions to dismiss and motions for summary judgment. We agree with the district court's reasoning set out in its judgment of June 19, 1978.
 
 
 3
 In addition, we note that appellants' complaint fails to state a claim under § 1983, which statute does not apply to federal officers acting under color of federal law. Kite v. Kelley, 546 F.2d 334 (10th Cir. 1976). Further, in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985. Atkins v. Lanning, 556 F.2d 485 (10th Cir. 1977). Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985. Hamilton v. Chaffin, 506 F.2d 904 (5th Cir. 1975). Finally, this court has held that federal income tax withholding does not result in the taking of property without due process, United States v. Smith, 484 F.2d 8 (10th Cir. 1973), Cert. denied, 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874. Thus, appellants' complaint failed to establish a violation of their constitutional rights.
 
 
 4
 The judgment of the district court is affirmed. The mandate shall issue forthwith.