**Phillip V. ROBINSON, Plaintiff,**

v.

**A & M ELECTRIC INC., Leslie Goebel, Roscoe von Tonglen, Roy Nyles and John Ronquillo, Defendants.**

**Civ. No. 81–800 HB.**

United States District Court,
D. New Mexico.

Feb. 16, 1982.

Phillip V. Robinson, pro se.

John F. Nivala, Cherpelis & Nivala, Albuquerque, N. M., for defendants.

William W. Guild, Atty., Tax Div., Dept. of Justice, Dallas, Tex., R. E. Thompson, U. S. Atty., Wayne G. Chew, Asst. U. S. Atty., Albuquerque, N. M., for IRS and John Ronquillo.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

This matter comes before the Court upon the United States' motion to dismiss or in the alternative for summary judgment and plaintiff's motion for default judgment against defendant John Ronquillo. Defendants A & M Electric, Inc., Leslie Goebel, Roscoe von Tonglen and Roy Nyles have also moved for summary judgment. Having considered the arguments of the parties, the authorities and the record, including evidentiary material outside the pleadings, the Court concludes that the motions for summary judgment are well taken and should be granted and that plaintiff's motion is without merit and should be denied.

Plaintiff, appearing pro se, has brought suit against his employer, A & M Electric, three of its officers/employees and John Ronquillo, the Acting District Director of the Internal Revenue Service, alleging a violation of his constitutional rights. The United States was not named by plaintiff as a party defendant.

The undisputed facts are that plaintiff submitted a Form W–4 to A & M Electric claiming an exemption from the withholding of income taxes. Pursuant to Treas. Reg. on Income Tax (1954 Code) Sec. 31.-3401(f)(2)–1(g) this W–4 was submitted to the I.R.S. By letter dated August 7, 1981 defendant Ronquillo, operating in his capacity as Acting District Director, instructed A & M Electric to disregard plaintiff's W–4 and to withhold tax as if plaintiff were single claiming one withholding allowance until such time as plaintiff submitted a W–4 which did not claim exemption from withholding.

### Plaintiff's Motion for Default Judgment

█ Plaintiff urges the Court to enter judgment by default against defendant Ronquillo on the ground that he failed to respond to the Amended Complaint within twenty days. The Court refers plaintiff to Federal Rule of Civil Procedure 12(a) which provides that the United States or an officer thereof has sixty days to respond.

### United States' Motion to Dismiss or for Summary Judgment

█ Since the plaintiff did not name the United States as a party defendant to this action the first issue presented is whether the United States or defendant Ronquillo is the real party in interest. Plaintiff bases his cause of action against Ronquillo on Ronquillo's act of advising plaintiff's employer by letter dated August 7, 1981 to disregard plaintiff's Form W–4 claiming exemption from income tax withholding. It is undisputed that Ronquillo acted in his capacity as Acting District Director of the Internal Revenue Service in so advising plaintiff's employer. The effect of a judgment in favor of the plaintiff would be to restrain the Government from requiring that income taxes be withheld from plaintiff's wages. Consequently, this is a suit against the sovereign, *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963), and the United States, not John Ronquillo is the real party in interest.

█ Plaintiff has failed to state a cause of action against the United States. Although he seeks both damages and an injunction, plaintiff has alleged no statutory authorization for finding damages against the United States. Injunctive relief, on the other hand, is prohibited by 26 U.S.C. § 7421(a), the Anti-Injunction Act:

> ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

For an application of this Act to a cause of action similar to plaintiff's see *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir. 1981). Plaintiff's due process rights are protected by his right to contest his tax liability by bringing a refund suit in Federal District Court or Court of Claims.

### Defendants A & M, Goebel, Tonglen and Nyles' Motion for Summary Judgment

Plaintiff does not dispute that movants acted only pursuant to IRS regulation and directive. As in *Campbell v. Amax Coal*

*Co.*, 610 F.2d 701 (10th Cir. 1979), a case almost identical to this, the movants "acted in compliance with what [they] believed to be the laws and directions of the IRS." The District Court's grant of summary judgment for the employer in *Campbell* was affirmed on appeal. As a matter of law, therefore, movants cannot be held liable to plaintiff for their actions.