**Georgia M. BEATTY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 81–4282.**

United States Court of Appeals, Fifth Circuit.

May 17, 1982.

---

Georgia M. Beatty, pro se.

John F. Murray, Atty., Michael L. Paup, Ch. App. Sec., Tax Div., U. S. Dept. of Justice, John H. Menzel, Tax Litigation Div., Washington, D. C., for respondent-appellee.

## ON PETITION FOR REHEARING

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

We have fully considered the asserted errors of law in our original opinion, 5th Cir., 667 F.2d 501. Finding absolutely no merit to petitioner's claims, we deny the petition for rehearing but add the following comments.

Ms. Beatty, whose brief on petition for rehearing lies perilously near the line separating advocacy from contempt, asserts that we have failed to address the issues raised and therefore "are violating the law" and are guilty of "high crimes". First, we point out to petitioner that under Rule 21 of the Rules of the United States Court of Appeals for the Fifth Circuit, this Court may affirm an opinion with merely five words, "Affirmed. See Local Rule 21." Despite the lack of respectable authority supporting petitioner's original position, we wrote a short opinion, ending with the statement, "We find no other basis for challenging the Tax Court decision." By this conclusion, we meant no other basis *of merit*. That we consider it unnecessary to respond to *each* and *every* frivolous claim a petitioner raises does not indicate that we have not considered fully those claims, any more than a summary affirmance under Rule 21 would imply a failure to review all claims.

In her pro se brief, Ms. Beatty raised in some form the following issues: (1) constitutionality of the withholding provisions (to which she devoted 20 pages of a 29 page brief); (2) the authority of the Commissioner to determine a deficiency against petitioner; and (3) the assessment of penalties under Sections 6651(a), 6653(a), and 6654. She also mentioned, in passing, the following questions: "Was appellant required to file a return when her spouse had done so"; notice of deficiency "determined in absence of record and facts;" and "appellant was not a person required to file a '1040 return'". We summarized some of these claims as "including the constitutionality of the withholding provisions, the applicability of the requirement of filing a return to petitioner, and the authority of the Commissioner to assess a deficiency." 667 F.2d at 501–02. We think our shorthand description more than adequate.

Petitioner objects to our reference to a "tax protest" case and to our labeling her return a protest return. Her objection might tax the patience of some. The return stated her name, address, marital status, social security number, etc. and answered the majority of the remaining questions with the response "Object Self Incrimination." She attached to her return a 13 page

memo explaining the legal grounds for asserting the Fifth Amendment (consisting of case excerpts and newspaper clippings, etc.). By her own actions, Ms. Beatty has demonstrated that her return is a "protest" return of the type we have often considered within the criminal context.

Under the laws of Texas, it is clear that each spouse is liable for federal income tax on his or her share of community property and must report such income. *Bowling v. United States*, 510 F.2d 112, 113 (5th Cir. 1975). The record establishes that petitioner's spouse had income subject to taxation. Petitioner was liable for her share. In addition, petitioner herself earned income, in the form of commissions, subject to taxation under § 61(a)(1). The Commissioner is authorized under § 6020(b) of the Internal Revenue Code of 1954 to prepare a return for anyone who has failed to do so as required by any internal revenue law and is authorized to issue a notice of deficiency under § 6212 for taxes imposed under Subtitle A (in which § 61 is included). Clearly, Ms. Beatty failed to file a proper tax return, had income, both of her own and her community property share of her husband's wages, for which taxes were not paid, resulting in a deficiency for which the Commissioner was entitled to prepare a return and file a notice of deficiency. The assessment of penalties under §§ 6651(a), 6653(a) and 6654 was within the Commissioner's authority. Petitioner failed to rebut the presumption of correctness attaching to the Commissioner's determination of taxes owed or to show that the Commissioner's determination that penalties for delinquency and negligence was not correct. Since Ms. Beatty failed to demonstrate that any genuine issue of material fact existed, the Tax Court properly granted summary judgment in this meritless case.

While we know of few if any citizens who enjoy paying taxes [1] the use of our tax dollars is to support the activities of the national government including the federal courts. "Taxes are what we pay for civilized society...." *Compania General de Tabacos v. Collector*, 275 U.S. 87, 100, 48 S.Ct. 100, 105, 72 L.Ed. 177 (1927) (Holmes, J., dissenting).

PETITION DENIED.

---

1. Perhaps the most famous statement concerning taxes is that by Benjamin Franklin, in which he said: "But in this world nothing is certain but death and taxes."

