**Phillip V. ROBINSON,**
**Plaintiff-Appellant,**

v.

**A & M ELECTRIC, INC., Leslie Goebel,**
**Roscoe von Toglen, Roy Nyles and John**
**Ronguillo, Defendants-Appellees.**

**No. 82–1313.**

United States Court of Appeals,
Tenth Circuit.

Aug. 2, 1983.

Phillip V. Robinson, pro se.

John F. Nivala of Cherpelis & Nivala, Albuquerque, N.M., for defendants-appellees A & M Elec., Goebel, von Toglen, and Nyles.

Glenn L. Archer, Jr., Asst. Atty. Gen. and Michael L. Paup, Carleton D. Powell, and Murray S. Horwitz, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Don J. Svet,

U.S. Atty., Albuquerque, N.M., of counsel), for defendant-appellee Ronguillo.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court, 534 F.Supp. 302, granting defendants' motion for summary judgment and dismissing this action. The plaintiff, Phillip Robinson, brought suit against his employer, three of its officers and an acting district director of the Internal Revenue Service seeking damages and injunctive relief. The complaint alleges a violation of Mr. Robinson's constitutional right to protection from the deprivation of property without due process of law. Specifically, Mr. Robinson alleges that the defendants deprived him of property without due process by withholding federal and state income taxes from his paycheck.

The district court concluded that Mr. Robinson failed to state a cause of action against the real party in interest, the United States. No statutory authority was cited entitling Mr. Robinson to damages from the United States and 26 U.S.C. § 7421(a) prevents the court from granting injunctive relief. Finally, the court concluded that the claims against plaintiff's employer and its employees failed to state a cause of action since federal income tax withholding does not result in the taking of property without due process of law. *Campbell v. Amax Coal Co.,* 610 F.2d 701 (10th Cir.1979); *United States v. Smith,* 484 F.2d 8 (10th Cir.1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974).

It is obvious that this matter is controlled by our decision in *Campbell, supra.* We therefore conclude that the district court

properly denied relief. In fact, this matter is so well settled that had a request for attorney's fees been made, a serious question would have been raised under the exception to the *general rule covering attorney's fees.* That exception permits the assessment of attorney's fees when a party acts in bad faith, vexatiously, wantonly or for oppressive reasons. *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1973).

Affirmed. The mandate shall issue forthwith.