Archie H. CHAMBERLAIN, Plaintiff,

v.

Rodney J. KRYSZTOF and Marshall P.
Cappelli, Defendants.

No. 84–CV–1520.

United States District Court,
N.D. New York.

Aug. 19, 1985.
As Amended Aug. 20, 1985.

Archie H. Chamberlain, plaintiff, pro se.

Frederick J. Scullin, Jr., U.S. Atty., Paula Ryan Conan, Asst. U.S. Atty., N.D. of N.Y., Sycracuse, N.Y., for defendants.

Kenneth C. Brown, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Plaintiff commenced this action pro se alleging that he was deprived of his civil rights by the withholding of income taxes by his employer. Plaintiff bases his claim on 42 U.S.C. §§ 1983, 1985 and 1986, asserting that defendants Krysztof and Cappelli, two Internal Revenue Service ["IRS"] employees, conspired with plaintiff's employer to unlawfully withhold income taxes from his weekly paycheck. Plaintiff also appears to assert a cause of action directly under the Constitution and the Federal Tort Claims Act.[1] Plaintiff argues that he is not an "employee" within the meaning of I.R.C. § 3401(c) which defendants have refused to recognize despite his submission of federal statutes to support his legal

position. Plaintiff seeks injunctive relief and monetary damages and has moved to disqualify the United States Attorney from representing the individual IRS employees. Defendants have moved to dismiss the complaint or in the alternative, for summary judgment. For the reasons which follow, plaintiff's motions to disqualify defendants' attorneys and for a temporary restraining order are denied, and defendants' motion for summary judgment is granted.

*Background*

Plaintiff submitted a W–4 Employee's Withholding Allowance Certificate ["W–4 Form"], dated October 26, 1983, to his employer indicating that he was "exempt" from withholding taxes. The IRS sent plaintiff a letter dated March 6, 1984 informing plaintiff that the IRS was reviewing plaintiff's W–4 Form and that the plaintiff had 15 days to either withdraw his W–4 Form or furnish the IRS with more information justifying his claimed "exempt" status. Otherwise, the letter stated, the IRS would notify plaintiff's employer to withhold taxes as if plaintiff were single with one withholding allowance, pursuant to Treasury Reg. § 31.3402(f)(2)–1(g)(ii) and (iii). The letter also stated that I.R.C. § 6682 provides for a $500 penalty for false statements with regard to withholding. Defendant Cappelli's name appears at the end of the letter as District Director of the Buffalo District of the IRS. Defendant Krysztof's name appears at the beginning of the letter as the person the plaintiff should contact if the plaintiff had any questions regarding the matter referred to in the letter. Enclosed with the letter from the IRS was a Questionnaire to Determine Exemption from Withholding (Form 6450) for Tax Year 1983 which plaintiff was asked to complete to provide this requested information. Plaintiff responded by letter dated March 24, 1984 and returned the

---

1. Plaintiff appears to attempt to "clarify" his legal claims asserted in his complaint in his "Brief in Support of Plaintiff's Oppositin of Defendants' Answer and Submit Counterclaim for Summary Judgment for the Plaintiff." Liberally construing the pleading requirements in fa-

vor of this pro se plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), this Court will treat the legal bases asserted in this Brief as supplementing plaintiff's complaint.

Questionnaire essentially unanswered.[2] He states in his letter that he "can not for any purpose go through this again as the results will be the same" as for the Tax Year 1981 in which he states the penalty was assessed and then abated by the IRS.

The IRS sent plaintiff a notice dated May 1, 1984 that he would be assessed the $500 civil penalty pursuant to I.R.C. § 6682 for false withholding information for the Tax Year 1983. On the same date the IRS sent a notice to plaintiff's employer directing the employer to disregard plaintiff's submitted W–4 Form and directing the employer to withhold taxes as if the plaintiff were single and claiming one withholding allowance. The IRS sent plaintiff a letter dated May 4, 1984 in response to plaintiff's March 24, 1984 letter explaining that he is entitled to exemption from Federal income tax withholding in 1983 only if in 1982 he did not owe any Federal income tax and had a right to a full refund of all income tax withheld and if he did not expect to owe any Federal income tax and/or expected a full refund of all income tax withheld in 1983. The letter stated that the information supplied by plaintiff in the Questionnaire was insufficient to establish his exemption from withholding tax in 1983. The letter goes on to explain the statutory requirement of withholding tax and the provisions authorizing the IRS to direct an employer to withhold taxes in disregard of an employer's submitted W–4 Form which claims exemption. The letter further sets

out the constitutional and statutory authority for taxation of earned income.

Plaintiff wrote back on May 9, 1984 challenging the IRS' position as "harassment" and repeating his assertion that he is not an "employee" under the I.R.C. He wrote again on May 14, 1984 as a self-styled "formal appeal" of the assessment of the $500 civil penalty and requesting a hearing on the IRS' determination that he filed false statements with regard to his W–4 form. In response to these two letters from plaintiff, defendant Kryzstof wrote to plaintiff on May 22, 1984 and denied plaintiff's request for a hearing. Kryzstof stated that appeal procedures do not apply to cases such as his which involve "solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds." This letter informed plaintiff that he may file a claim for a refund after paying the penalty. Plaintiff replied to this letter on August 28, 1984 again asserting that he was not an employee subject to withholding taxes. Plaintiff filed a complaint in this Court on October 30, 1984 claiming civil rights violations due to the IRS' subjecting him to withholding of income taxes as an "employee."

*Discussion*

■ Although plaintiff sued defendants in their individual capacity, the facts of this case indicate that defendants were acting solely within their official duties as IRS employees in applying the withholding tax to the plaintiff.[3] Therefore the United

---

**2.** The questionnaire calls for information with respect to Tax Year 1983. Part 1 covers exemption from withholding based on a vow of poverty for Tax Year 1982. Part 2 calls for information relating to Tax Year 1982. Plaintiff filled in his name and Social Security number and in response to requested information on his reported total income and total taxes wrote "Refund expected and N/A".

**3.** The Court notes the decision submitted by plaintiff, *Bothke v. Fluor Engineers & Constructors, Inc.,* 713 F.2d 1405 (9th Cir.1983), which denied an absolute immunity to IRS employees. However, this case is not dispositive of the issues presented in the case *sub judice.* In *Bothke,* the taxpayer sued an IRS employee for constitutional violations after the defendant at-

tached plaintiff's wages to collect a delinquent tax assessment. The Court held that only a qualified immunity was available to the IRS employee.

The case *sub judice,* however, is not founded upon the defendant's failure to follow statutorily prescribed safeguards as was *Bothke.* Rather plaintiff attacks the application of the federal withholding provision in the Internal Revenue Code to him; i.e., plaintiff alleges that the defendants, rather than circumventing the tax laws (as in *Bothke* ) were following the law. Plaintiff argues that the law applied by defendants is unconstitutional.

It is not necessary for this Court to decide the issue of whether the two individual defendant IRS employees enjoy immunity from this suit for damages in light of this court's holding that

States Attorney is properly representing defendants in this action; plaintiff's motion to disqualify defendants' attorneys is denied.

■■■ Plaintiff has moved for a temporary restraining order; it appears that he seeks a court order to stop continuing correspondence from the defendants pending final resolution of his lawsuit. At oral arguments on the motions the court reserved decision on this and all other motions; this request is now denied. In support of his motion plaintiff references two attached letters from the IRS. One letter dated January 7, 1985 informs plaintiff that the $500 penalty assessed for filing a false withholding form in 1982 had been erroneously abated and was being re-assessed. A second letter, signed by defendant Kryzstof dated December 10, 1984 is in response to plaintiff's request for plaintiff's 1984 income tax assessment; the letter from the IRS states that this request is premature. Plaintiff's request as it relates to efforts by the IRS to collect taxes and assess penalties under I.R.C. § 6682 is barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a). *Frasier v. Hegeman,* 607 F.Supp. 318, 323 (N.D.N.Y.1985); *Riley v. Commissioner,* 566 F.Supp. 21 (S.D.Ohio 1983). This jurisdictional bar applies to actions for injunctive relief which are combined with a claim that an individual's constitutional rights were violated and jurisdiction is alleged under 28 U.S.C. § 1343. *Black v. United States,* 388 F.Supp. 805, 808 (E.D.N.Y.1975), *aff'd* 534 F.2d 524 (2d Cir.1976). To the extent plaintiff's request

for a temporary restraining order is reasonably interpreted to restrain defendants from either collecting withholding taxes from his employer or assessing a penalty under I.R.C. § 6682 for filing false withholding forms, this request is denied pursuant to Rule 12(b)(1), Fed.R.Civ.P.

■■■ Plaintiff's complaint and claim for monetary damages under 42 U.S.C. § 1983, 1985 and 1986 must be dismissed. Absent allegations of any action by IRS employees that they have acted under color of state law, plaintiff's cause of action under § 1983 is dismissed under Rule 12(b)(6). *See Campbell v. Amax Coal Co.,* 610 F.2d 701 (10th Cir.1979) (IRS employees acting within the scope of their employment are not acting under color of state law); *Frasier,* 607 F.Supp. at 323–24. Plaintiff alleges that the defendants have conspired to take plaintiff's weekly wages by withholding income taxes. Private actors can be held liable under § 1985 only where these actions cause some injury to a person or property or result in a deprivation of some right or privilege. *Griffin v. Breckenridge,* 403 U.S. 88, 103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Also necessary to state a claim under § 1985 is an allegation of racial or other class-based animus. *Campbell,* 610 F.2d at 702; *Atkins v. Lanning,* 556 F.2d 485 (10th Cir.1977). Federal tax withholding does not result in the taking of property without due process. *Campbell,* 610 F.2d at 702; *United States v. Smith,* 484 F.2d 8 (10th Cir.1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1566, 39

plaintiff was not deprived of his constitutional rights. The "employee" provision applies to him; defendant's application of this statutory provision to direct plaintiff's employer to withhold an amount of income from his paycheck in compliance with this tax law is proper and not in derogation of plaintiff's constitutional rights. Accordingly, plaintiff has no legal basis for a lawsuit against the defendant IRS employees in the case *sub judice* and there is no need to resolve the issue of whether they would be immune from suit if plaintiff did have a cognizeable legal claim against them.

This case submitted by plaintiff has no bearing on the issue of the propriety of the United States Attorney's continued representation of the defendants. .

The Internal Revenue Code provides that suits to recover taxes paid or penalties assessed in which the taxpayer sues government employees shall be conformed by the court into a suit against the government. I.R.C. § 7422(f)(2). Though plaintiff would presumably argue that his suit does not fall within this provision by virtue of his allegations that defendants acted unconstitutionally in applying I.R.C. § 3401(c) to him, he has made no allegations that defendants acted other than according to I.R.C. procedures and in this suit appears to attack the constitutionality of the statute. Therefore the suit against the individual IRS employees is properly construed as one against the IRS which the United States Attorney may properly defend.

L.Ed.2d 874 (1974). Plaintiff's complaint fails to allege a class-based animus. Therefore plaintiff's claim under § 1985 is dismissed under Rule 12(b)(6). Because the claim under § 1985 is deficient, plaintiff presents no valid claim under § 1986 of neglect to prevent a known conspiracy. *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir.1978); *Campbell*, 610 F.2d at 702; *Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir.1975).

■ Plaintiff's complaint appears to be addressed primarily to the constitutionality of the withholding tax provision of the I.R.C. as applied to him. To the extent, however, that he seeks to challenge the civil penalties assessed against him under I.R.C. § 6682 for filing false W–4 forms, he has failed to follow the statutory procedures for contesting this. It is a jurisdictional prerequisite for maintaining a court action challenging the imposition of a civil penalty that a taxpayer first pay the penalty, file a claim for a refund and have the claim disallowed. I.R.C. § 7422(a). *See e.g., Kadah v. United States*, 534 F.Supp. 469, 471–72 (N.D.N.Y.1982). Plaintiff has not alleged that he has followed this procedure nor does the record indicate that he has done so. Therefore plaintiff's challenge to the IRS' imposition of the civil penalty for filing false withholding forms is dismissed under Rule 12(b)(1).

■ Plaintiff's claim for monetary damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, is also deficient. The Act explicitly retains sovereign immunity for claims arising "in respect of any tax ..." 28 U.S.C. § 2680(c). *Akers v. United States*, 539 F.Supp. 831, 833 (D.Conn.1982), *aff'd without opinion* 718 F.2d 1084 (2d Cir.1983). Therefore this court lacks subject matter jurisdiction over plaintiff's claim under the Federal Tort Claims Act.

The gravaman of plaintiff's complaint is that he is not an employee subject to withholding taxes under IRC § 3401(c). The chapter of the Internal Revenue Code providing for income tax withholding by an employer of an employee's wages, Chapter 24, I.R.C. §§ 3401–04, contains the following definition of "employee":

> (c) Employee.—For purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.

I.R.C. § 3401(c). Plaintiff apparently bases his position on a strict interpretation of the statutory language of § 3401(c) which does not on its face include all persons who earn wages from an employer.[4] However, the chapter provides for income tax withholding of "wages" earned by an employee. "Wages" in turn are defined as "all remuneration ... for services performed by an employee for his employer ..." I.R.C. § 3401(a).

■ Plaintiff's literal reading of the definition of employee is illogical in the context of the chapter providing for collection of income tax at its source, I.R.C. chapter 24. The chapter provides for withholding of wages by an employer; if almost all persons who earn wages were excluded form this provision as plaintiff would maintain, the withholding provision would not operate as apparently intended by Congress. Courts must occasionally look beyond the literal language of a statute to give effect to the overall legislative scheme

---

**4.** "Employer" is defined in the subsection immediately following the subsection which defines "employee" as follows:

(d)—For purposes of this chapter, the term "employer" means the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, except that—

(1) if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term "employer" (except for purposes of subsection (a)) means the person having control of the payment of such wages,
...
I.R.C. § 3401(d).

**496**

which Congress intended to establish.[5] Here where Congress provided a mechanism by which an employer is to withhold wages from an employee's paycheck as a means for the IRS to collect income taxes at the source, the definition of employee must logically be read to include more than those wage earners who fall within the limited definition of § 3401(c). The definition should not be read as exclusive, but rather as indicative of Congress' intent that those persons so designated in § 3401(c) would be subject to the income tax withholding provision in the same manner as all other employees. The definition of "employee", contrary to the interpretation urged by plaintiff, is more properly read to include all those persons with the "status of employee under the usual common law rules applicable in determining the employer-employee relationship." *Marvel v. United States,* 719 F.2d 1507, 1514 (10th Cir. 1983) (distinguishing "employee" from "independent contractor").

Plaintiff has attempted to convince the IRS that he does not fall within the definition of "employee" and by this action apparently seeks a declaratory judgment that as applied to him the income withholding provision is unconstitutional. He does not dispute that he earns "wages" from an "employer." Wages are income, *Connor v. Commissioner,* 770 F.2d 17, 20 (2d Cir. 1985) (per curiam); the federal income tax on wages is constitutional, *id.; Ficalora v. Commissioner,* 751 F.2d 85 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985). Defendants are entitled to summary judgment on the issue of the constitutionality of the IRS subjecting plaintiff to the income tax withholding provisions of chapter 24 of the Internal Revenue Code.

For the foregoing reasons summary judgment is granted to defendants on the issue of the constitutionality of the federal withholding provision as applied to an "employee" earning "wages" from an "employer." The complaint is hereby dismissed.

Defendants' motion for an award of attorneys fees is denied.

---

**5.** *But cf. Friends of the Earth v. Consolidated Rail Corp.,* 768 F.2d 57, 62 (2d Cir.1985.) (Second Circuit reads "action in a court" in Clean Water Act, 33 U.S.C. § 505(b)(1)(B), literally to not include administrative enforcement action as functional equivalent of court action which statute provides would preclude citizens' suit.)