782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GERALD BUFORD, MILDRED GOANS, ROBERT C. MADDOX, ROSCOE W.
FIELDS AND TERRY McINTOSH, Plaintiffs-Appellants,
v.
THE UNITED STATES OF AMERICA, DONALD T. REGAN, ROSCOE L.
EGGER, JR., AL H. KOLAK AND ROY OAKS, Defendants-Appellees.
 84-5593
 United States Court of Appeals, Sixth Circuit.
 12/19/85
 ORDER
 
 1
 BEFORE: KRUPANSKY and GUY, Circuit Judges; and SUHRHEINRICH, District Judge*
 
 
 2
 The plaintiffs appeal with counsel from the district court's judgment dismissing their tax case. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiffs are all residents of Knoxville and Lenoir City, Tennessee. Their complaint challenged the constitutionality of the statutes allowing the withholding of federal taxes. The defendants filed a motion to dismiss. The district court held a hearing and granted the motion. The court found the case was frivolous and imposed attorneys fees and costs.
 
 
 4
 The plaintiffs argue that the withholding of taxes denies them the privileges and immunities of a citizen of the United States. This argument is basically a due process argument which had been denied by numerous courts and is without merit. Robinson v. A & M Electric, 713 F.2d 608, 609 (10th Cir. 1983); Beatty v. Commissioner, 667 F.2d 501, 502 (5th Cir.), rehearing denied, 676 F.2d 150 (1982); Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979). The plaintiffs' second issue alleges that it is a violation of equal protection to withhold the taxes of wage earners while self-employed individuals pay estimated taxes four times each year. It is clear that there is a rational basis for this distinction. New Orleans v. Dukes, 427 U.S. 297, 303 (1976).
 
 
 5
 Finally, the plaintiffs allege that the income tax statutes deprive them of their first amendment right of access to the courts. It is clear from the fact that they filed the present complaint that the plaintiffs were not deprived their right of access to the courts. See United States v. Malinowski, 472 F.2d 850, 857 (3rd Cir.), cert. denied, 411 U.S. 970 (1973). Moreover, even if this issue stated a claim, there is an overriding governmental interest in the collection of taxes that dictates that requests for injunctive or declaratory relief not be allowed to block their collection. See United States v. Lee, 455 U.S. 252, 256-61 (1982). So the district court was correct to hold that the plaintiffs' case was frivolous.
 
 
 6
 The appeal is dismissed as frivolous under Rule 9(d)(2), Rules of the Sixth Circuit. Costs including attorney fees are awarded to the appellees. Rule 38, Federal Rules of the Appellate Procedure.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation