**In the Matter of the Tax Indebtedness of Joe R. STOLTZ and Josephine K. Stoltz, J & J Ltd., South Horizons, Explorations Unlimited and J & J Living Trust as Nominees of Joe R. Stoltz and Josephine K. Stoltz.**

**No. 90–K–1535.**

United States District Court, D. Colorado.

Sept. 21, 1990.

Joe R. Stoltz and Josephine K. Stoltz, Denver, Colo., pro se.

William G. Pharo, Asst. U.S. Atty., Denver, Colo., for U.S.

MEMORANDUM OPINION
AND ORDER

KANE, Senior District Judge.

This matter is before me on two motions by Joe R. and Josephine K. Stoltz. The first is for a temporary restraining order and a permanent injunction and the second is for replevin of property. Both motions arise out of the August 29, 1990 search of the Stoltzes' premises and seizure of property pursuant to the levy and distraint provisions of § 6331 of the Internal Revenue Code. 26 U.S.C. § 6331. The Stoltzes are proceeding *pro se.*[1] They contend that (1) they had no notice that their property was subject to seizure, (2) the warrant and levy under which their premises were searched and items were seized were facially invalid, (3) much of the property seized belonged to third parties, and (4) the inventory of seized property was incomplete. The government has responded to these motions, arguing that they are without merit. I agree.

I. *Facts.*

The Stoltzes' tax indebtedness arises out of a deficiency of $185,244, plus substantial penalties, for the 1981 tax year. *See* United States' Response Brief, Ex. F. The Internal Revenue Service mailed a notice of deficiency to the Stoltzes on April 3, 1985. *Id.* On July 22, 1985, the couple petitioned the Tax Court for a redetermination of the deficiency, and trial was set. *Id.* Neither the Stoltzes nor their attorney appeared at trial, however, and the action was dismissed for failure to prosecute on May 22, 1986. *Id.* Thereafter, the government initiated administrative procedures for the seizure of the Stoltzes' assets.

On August 23, 1990, the government applied for a warrant to enter the Stoltzes' premises at 6611 Leetsdale Drive in Denver to search for and seize property to satisfy their tax indebtedness. The warrant was issued on August 27, 1990. On August 29, 1990, federal agents searched the Stoltzes' premises. Agents served a copy of the warrant, levy and notice of seizure on the

---

1. The government notes that the Stoltzes also appear to be acting on behalf of at least one corporate entity, Nutral Inc., of which they are corporate officers. They are precluded from doing so under the rule of *DeVilliers v. Atlas Corp.,* 360 F.2d 292, 294 (10th Cir.1966), whereby corporations are prohibited from appearing *pro se.*

Stoltzes at that time. The notice of seizure contained an inventory of the items seized.

On August 30, 1990, the Stoltzes filed the instant motion for a temporary restraining order and for a permanent injunction. In this motion, they alleged that the search and seizure were unconstitutional because of defects in the warrant and levy and because they had no notice or opportunity to be heard. The following day, the Stoltzes filed a motion for replevin, again alleging lack of notice and claiming that the property seized belonged to third parties. On September 11, the couple filed a brief in support of these motions. The government then filed a response brief on September 17, 1990, and the matter was set for hearing.

## II. *Merits.*

The Stoltzes state that their motions for a temporary restraining order, permanent injunction and for replevin are brought under Rule 64 of the Federal Rules of Civil Procedure. This rule makes applicable certain provisional remedies for seizure of a person or property during the course of an action to satisfy the judgment ultimately rendered in the action. Fed.R.Civ.P. 64; *see* 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2931 (1973). The rule further provides, however, that what these remedies are and the circumstances under which they are available are determined by the state law of the district in which the action is brought, subject to "any existing statute of the United States . . . to the extent to which it is applicable." Fed. R.Civ.P. 64.

In this case, federal law provides that "[a]ll property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." 28 U.S.C. § 2463. Clearly then, federal law precludes the remedy of replevin under these circumstances, and the Stoltzes' motion for replevin of the goods seized must be denied.

■ As for injunctive relief, federal law also states that (with certain limitations not applicable here), "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This section applies with equal force to actions seeking injunctive relief in the form of a temporary restraining order. *See Chamberlain v. Krysztof,* 617 F.Supp. 491, 494 (N.D.N.Y.1985).

■ Despite the broad language of § 7421(a), there is a judicially-created exception to this anti-injunction provision. In *Enochs v. Williams Packing & Navigation Co.,* the Supreme Court recognized a limited exception to the Anti–Injunction Act where "it is clear that under no circumstances could the government ultimately prevail, . . . and if equity jurisdiction otherwise exists." 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *see also Lowrie v. United States,* 824 F.2d 827, 830 (10th Cir.1987). "The manifest purpose of § 7421 is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." *Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129. The first prong of the *Williams Packing* exception is evaluated under a stringent standard; that is, the taxpayer must establish, " 'under the most liberal view of the law and facts, the United States cannot establish its claim.' " *Marvel v. United States,* 548 F.2d 295, 300–01 (10th Cir.) (citing *Bob Jones Univ. v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974), *cert. denied,* 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977)). In general, to satisfy the second prong of the *Williams Packing* exception, the taxpayer must show irreparable injury and inadequate remedies at law. *See, e.g., Cattle Feeders Tax Comm. v. Shultz,* 504 F.2d 462, 464 (10th Cir.1974).

The Stoltzes' motion fails to establish either of the *Williams Packing* prerequisites for injunctive relief. First, the

Stoltzes have not demonstrated that "under no circumstances could the government ultimately prevail" on its assessment and levy of the tax deficiency. The central basis for their claim that the seizure of their property was illegal is lack of notice. Under the federal tax laws, if a tax liability is not settled or paid, the Internal Revenue Service (IRS) issues a notice of deficiency. *See* 26 U.S.C. § 6212. According to the papers filed by the Stoltzes in tax court, the IRS did so on April 3, 1985. After this notice is issued, the taxpayer then has ninety days within which to commence an action in Tax Court contesting the amount of the liability. *See id.* § 6213(a). The IRS may not attempt to collect the tax by levy during this period, or if the taxpayer commences an action, until after the Tax Court renders a final judgment. *Id.* The record reflects that the Stoltzes commenced an action in the Tax Court but failed to appear at trial, resulting in a final judgment against them for $185,244, plus penalties.

After the Tax Court renders its final judgment, the amount determined as a deficiency is to be assessed by the IRS and is due and payable upon notice and demand by the IRS. *Id.* § 6215(a). Within sixty days of making the assessment, *see id.* § 6203, the IRS must send notice and demand for payment to the taxpayer. *Id.* § 6303(a). In this case, the affidavit of revenue officer Mark Rook supporting the search warrant states that the IRS made an assessment of the deficiency and that it sent the Stoltzes notice and demand for payment on September 16, 1986. If the taxpayer fails to pay the deficiency within ten days after notice, a federal tax lien then arises on all property belonging to the taxpayer. *Id.* §§ 6321; 6331(a). The government is then empowered to use its levy and distraint powers to collect the tax. *Id.* § 6331. Officer Rook's affidavit further states that the Stoltzes did not pay the deficiency within ten days after notice.

The IRS's ability to levy property is governed by § 6331 of the Code. Under this section, before the government may levy the property of a delinquent taxpayer, it must give 30 days' notice by certified mail of its intention to levy. *Id.* § 6331(d). Of-

ficer Rook's affidavit states that such notice was sent by certified mail to the Stoltzes on November 17, 1987. The Stoltzes have neither alleged nor offered evidence that the government failed to provide any of the above notices. Accordingly, they have not sustained their burden of proof to show that the government did not follow the required procedural steps before levying the Stoltzes' property to warrant injunctive relief. *See Lowrie*, 824 F.2d at 830 n. 3; *Security Indus. Ins. Co. v. United States*, 830 F.2d 581, 587–88 (5th Cir. 1987).

■ The Stoltzes also appear to argue that they were entitled to notice and an opportunity to be heard when the government applied for the warrant to search their premises. While a warrant is required before the government may search a taxpayer's premises for seizable assets, *see G.M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977), I agree with the government's position that no notice or hearing was required before the warrant was issued. In *In re Carlson*, 580 F.2d 1365 (10th Cir.1978), the Tenth Circuit held that the district court had jurisdiction to issue an ex parte order authorizing the government to search the taxpayer's property based on probable cause. To reach this conclusion, the court quoted extensively from a decision of the Second Circuit, in which the court held that due process did not entitle the taxpayer to intervene in pre-seizure proceedings to levy property. *Id.* at 1373–74 (referencing *United States v. First Nat'l City Bank*, 568 F.2d 853 (2d Cir.1977)). Consequently, the Stoltzes were not entitled to a pre-levy hearing before their property was seized.

■ The Stoltzes' other arguments merit little further discussion. The Stoltzes contend that the warrant and levy are defective because the levy bore a date two days subsequent to the warrant. However, the warrant expressly authorized entry, and thus levy, within ten days of the date of its issuance. Their motion for a temporary restraining order also makes reference to the fact that the government's

use of a different case number in the levy, with no further explanation. I can only guess that this comment refers to the case number stamped on the warrant, where it appears that the final digit was overwritten as a correction, a de minimis objection. The Stoltzes also argue that some of the property was improperly seized because it belonged to third parties. If this is in fact true, the proper course would be for those third parties to bring a wrongful levy action pursuant to 26 U.S.C. § 7426(a)(1). The Stoltzes do not have standing to bring such an action. *See Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir.1989).

In addition to their failure to satisfy the first prong of the *Williams Packing* test, the Stoltzes have not alleged circumstances justifying equitable relief. In particular, since it appears the Stoltzes have an adequate post-deprivation legal remedy, they have not shown an inadequate remedy at law. The Stoltzes can now make a claim for a refund of any wrongfully collected amount and, if unsuccessful, they may then institute a civil action "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." 26 U.S.C. § 7422(a). They may also challenge the IRS' allegedly incomplete inventory of seized goods in this proceeding. Accordingly, the Stoltzes have not come within the *Williams Packing* exception to the Anti–Injunction Act, and their motion for temporary restraining order and permanent injunction is also denied.