Joshua STONECIPHER,
Plaintiff-Appellant,

v.

William E. BRAY, et al.,
Defendants-Appellees.

No. 80–5037.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1981.

Decided Aug. 10, 1981.

**400**

Donald W. MacPherson, Phoenix, Ariz., for plaintiff-appellant.

Philip R. Placier, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., George L. Hastings, Washington, D.C., argued, for defendants-appellees; John J. Bouma, Phoenix, Ariz., Gilbert E. Andrews, Washington, D.C., on brief.

Before TANG and POOLE, Circuit Judges and LUCAS,* District Judge.

TANG, Circuit Judge:

Stonecipher filed an action against his employer, Bechtel Corporation, and the Internal Revenue Service (IRS), seeking: (1) an injunction prohibiting Bechtel from denying him exemption from federal income tax withholding; (2) a writ of mandamus directing the IRS to order payment of withheld taxes; (3) a writ of mandamus directing the IRS to hold a hearing before denying his claim for exempt status; and (4) punitive damages. The district court dismissed the action against both defendants for lack of subject matter jurisdiction and failure to state a claim. We affirm.

In January 1979, Stonecipher submitted to Bechtel a Form W–4 withholding certificate claiming exemption from federal income tax. Bechtel, unable to verify the correctness of the certificate, forwarded it to the IRS pursuant to Treasury Regulation § 31.3402(n)–1 (1979).

On February 27, 1979, the IRS requested Stonecipher to contact them so that they could determine whether he was entitled to claim exemption from withholding. Enclosed with the letter was a worksheet to enable Stonecipher to calculate his withholding allowances. The letter informed Stonecipher that if he did not respond within two weeks, the IRS would advise Bechtel to withhold from his wages as if he were a single person claiming no additional exemptions.

When Stonecipher failed to substantiate the information contained in his W–4, the IRS informed him that it had determined that his W–4 was incorrect; that he was not entitled to claim exemption from withholding; and that it had advised Bechtel to disregard his W–4 and to withhold as if he were a single person with no exemptions. Pursuant to the IRS's instructions, Bechtel withheld taxes from Stonecipher's wages.

In August 1979, Stonecipher filed his complaint against Bechtel, the IRS, and their respective agents.[1] The district court dismissed the action for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Stonecipher appeals.

**I**

*Dismissal Against IRS*

A. *Injunctive Relief*

Stonecipher's complaint sought to enjoin the IRS from denying him exempt status and to require the IRS to repay withheld taxes. Stonecipher alleged that the IRS had no authority to review his W–4 or to direct Bechtel to withhold taxes and that these actions violated his rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Stonecipher further alleged that even if the IRS's actions were authorized by law, due process required the IRS to hold a hearing to determine whether he qualified for exempt status before instructing Bechtel to withhold.

---

* Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

1. The complaint also joined the defendants' spouses. No allegations, however, were made against the spouses in the complaint and there was no reference to them in Stonecipher's brief on appeal.

Under I.R.C. § 7421(a), the district court properly dismissed for lack of subject-matter jurisdiction Stonecipher's prayer for injunctive relief. Section 7421(a) provides in pertinent part:

[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person....

Section 7421(a), also known as the "Anti-Injunction Act," has been upheld by the United States Supreme Court and is strictly enforced. *See, e. g., Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander v. Americans United, Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). The only exception to the Anti-Injunction Act is where the taxpayer demonstrates that: (1) under no circumstance can the governmental defendant ultimately prevail; and (2) the taxpayer will be irreparably harmed if the injunction is not granted. *Enochs v. William Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

With respect to the first prong of the Anti-Injunction Act exception, Stonecipher argues that the IRS could not have ultimately prevailed on his civil rights claims or his due process claim. As discussed below, *see* sections I.B.–I.C., *infra*, we disagree. Moreover, because Stonecipher can sue for a tax refund under I.R.C. § 7422, he has failed to satisfy the exception's second prong, requiring a showing of irreparable harm if injunctive relief is denied.

B. *Damage Relief under 42 U.S.C. §§ 1981, 1983, 1985, and 1986*

The district court properly dismissed Stonecipher's complaint alleging violations of 42 U.S.C. §§ 1981, 1985, and 1986 for failure to state a claim. Sections 1981, 1985, and 1986 address equal rights under the law and are intended to protect citizens against racial discrimination. Nowhere in his complaint did Stonecipher allege that he was the victim of racial or other class-based invidiously discriminatory action. The district court also properly dismissed Stonecipher's section 1983 action. Section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law. Stonecipher has no cause of action against the IRS under section 1983 because the IRS is a federal agency and its agents performed no acts under color of state law.

C. *Damage Relief under Bivens*

Stonecipher also argues that the IRS and its agents, acting under color of federal law, denied him due process by not holding a hearing prior to ordering Bechtel to withhold taxes. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Stonecipher's *Bivens*-styled claim encompasses two separate arguments. First, he contends that prior to April 1, 1980, the IRS did not have the statutory authority to review a W–4 that had been referred to it by an employer and to direct the employer to withhold taxes from the employee's wages in accordance with its review determination. Second, he argues that even if the IRS was empowered with such authority, due process required it to hold a hearing prior to the collection of the taxes so that he could challenge the propriety of the IRS's decision.

Treasury Regulation § 31.3402(f)(2)–1 (1979) requires an employee to file a W–4 with the employer upon commencement of employment. Stonecipher filed a W–4 under Treasury Regulation § 31.3402(n) (1979) which allows an employee to claim exemption from withholding if: (1) the employee incurred no income tax liability in the preceding year; and (2) the employee anticipates no income tax liability for the current year. Bechtel was not required, however, to ascertain whether Stonecipher was entitled to claim exemption from withholding but rather was obligated under Treasury Regulation § 31.3402(n)–1 (1979) to contact the District Director of the IRS if it be-

lieved that the W–4 contained an incorrect statement.[2]

Prior to April 1, 1980, Treasury Regulation § 31.3402(f)(2)–1 (1979) authorized an employer who had received an invalid certificate to withhold from an employee's wages as if the employee were a single individual claiming no exemptions. The regulation was silent, however, as to what procedures the District Directors were to follow upon being notified that a particular W–4 was believed to be inaccurate. The procedures established by the IRS and followed here consisted of notifying the employee that the W–4 in question contained an incorrect statement; requesting the employee to verify the statement; and instructing the employer to regard the W–4 as an invalid certificate if the employee failed to submit sufficient information to determine the certificate's correctness. On April 1, 1980, these procedures were codified by amending Treasury Regulation § 31.3402(f)(2)–1, T.D. 7682, to include paragraph (g).[3]

In determining whether the IRS was authorized before the amendment to review Stonecipher's W–4, we must construe the regulatory scheme in light of its purpose and interpret its particular parts so as not to render other parts meaningless. *See United States v. Snider*, 502 F.2d 645 (4th Cir. 1974). With this principle of statutory construction in mind, we interpret the language of Treasury Regulation § 31.-3402(n)–1 (1979), which relieves the employer of the burden of determining the correctness of a W–4 and requires the employer to refer a questionable W–4 to the District Director, as an implicit grant of authority to the IRS to review withholding certificates for compliance with the internal revenue laws and to declare invalid those certif-

---

**2.** As of April 1, 1979, Stonecipher and approximately 1,000 tax-protestor/employees had filed W–4 forms claiming exemption from withholding. This barrage of unusual filings justified Bechtel in questioning the veracity of Stonecipher's W–4.

**3.** The new paragraph provides in pertinent part:

(g) Submission of certain withholding certificates—(1) General rule. An employer shall submit, in accordance with paragraph (g)(3) of this section, a copy of any withholding exemption certificate which is received from the employee during the reporting period (without regard to the date it is effective) if the employee is employed by that employer on the last day of the reporting period and if—

. . . . .

(ii) The certificate indicates that the employee claims a status exempting the employee from withholding, and the exception provided by paragraph (g)(2) of this section does not apply.

(2) Exception. A copy of the certificate shall not be submitted under paragraph (g)(1)(ii) of this section if the employer reasonably expects at the time the certificate is received that the employee's wages (under chapter 24 of the Code) from that employer shall not then usually exceed $200 per week.

(5) Computation of withholding. Until receipt of written notice from the Internal Revenue Service that a certificate, a copy of which was submitted under this section, is defective, that certificate is effective and the employer shall withhold on the basis of the statements made in that certificate. If the Internal Revenue Service finds that a copy of a withholding exemption certificate submitted contains any materially incorrect statement or if, after written request to the employee for verification of the statements on the certificate, the Internal Revenue Service finds that a copy of a withholding exemption certificate submitted contains any materially incorrect statement or if, after written requests to the employee for verification of the statements on the certificate, the Internal Revenue Service determines that it lacks sufficient information to determine if the certificate is correct, and in either event so notifies the employer in writing, the employer shall then consider the certificate to be defective for purposes of computing amounts of withholding. The employer shall promptly furnish the employee who filed the defective certificate, if still in his employ, with a copy of the written notice of the Internal Revenue Service with respect to the certificate and may request another withholding exemption certificate from the employee. The employer shall withhold amounts from the employee as if the employee were a single person claiming no exemptions (see § 31.3402(f)(2)–1(a)) until a new certificate is filed. If and when the employee does file a new certificate the employer shall withhold on the basis of that new certificate as currently effective, but must submit a copy of that new certificate if required by, and in accordance with, this paragraph (g).

icates found not to be in compliance. To hold that the IRS did not have such a power of review would render Treasury Regulation § 31.3402(n)–1 (1979) meaningless.[4]

█ Stonecipher's argument that due process required the IRS to grant him a hearing before determining that he was not entitled to claim exemption from federal income tax is foreclosed by well-settled law. The prompt collection of taxes is necessary for the nation's continued existence and is an important governmental interest that justifies postponing notice and an opportunity for a hearing. *See Phillips v. Commissioner*, 283 U.S. 589, 595–97, 51 S.Ct. 608, 610–12, 75 L.Ed. 1289 (1931). Stonecipher's due process rights are adequately protected by the statutory scheme which allows him to contest his tax liability in the Tax Court prior to paying the disputed tax or to sue for a refund in federal district court or in the Court of Claims. *See id.*

## II

### *Dismissal Against Bechtel*

█ Stonecipher's complaint against Bechtel alleged the same constitutional and statutory violations as it did against the IRS. With respect to the actions arising under 42 U.S.C. §§ 1981, 1985, and 1986, the district court properly dismissed the complaint for the same reasons we held that Stonecipher's complaint failed to state a claim against the IRS. Even assuming that Bechtel acted under color of state law in withholding state taxes from Stonecipher's wages, his complaint failed to state a claim under 42 U.S.C. § 1982 because Bechtel's actions in withholding taxes prior to a hearing did not deprive him of any constitutional right.

█ Stonecipher's complaint further alleged that Bechtel breached his employment contract by withholding taxes from his wages. This argument is without merit. Stonecipher has not alleged that his em-

ployment contract contained a provision requiring Bechtel to refrain from withholding taxes from his paycheck. In the absence of any express provision to the contrary, we conclude that when an employer withholds taxes from an employee's wages and pays the employee the balance, the employer has discharged his contractual obligations. *See United States Fidelity & Guaranty Co. v. United States*, 201 F.2d 118, 120 (10th Cir. 1952). Indeed, a contractual clause providing otherwise might very well be invalid as contrary to public policy.

## III

### *Costs*

Based upon the record in this case and the arguments presented, we are convinced that this appeal is frivolous. Pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38, we award costs to Bechtel and the IRS.

AFFIRMED.

---

**4.** In *Campbell v. Amax Coal Co.*, 610 F.2d 701 (10th Cir. 1979), a case almost identical to the present one, it was also held that prior to the April 1, 1980 amendment, the District Director had the authority to declare withholding certificates invalid and to instruct employers to withhold accordingly. *See also Rapp v. Peper*, 45 A.F.T.R.2d 91, 80–374 (D. Alaska 1979).