George E. McKINNEY, Sr.

v.

Donald REGAN, Secretary of the Treasury, et al.

Civ. A. No. 84–470–A.

United States District Court, M.D. Louisiana.

Nov. 19, 1984.

George E. McKinney, Sr., pro se.

Merrick J. Norman, Asst. U.S. Atty., Baton Rouge, La., William Holmes, Dept. of Justice, Washington, D.C., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion to dismiss and for payment of expenses filed by defendant, Donald Regan, Secretary of the Treasury, and other officials of the United States of America. Plaintiff has opposed the motion. Oral argument is not necessary.

*Pro se* plaintiff has filed what he styles a "Petition for Writ of Prohibition and Mandamus Against Representatives of the Internal Revenue Service and the Department of the Treasury," one apparent purpose of which is to obtain the "issuance of a Writ of Prohibition by this court directed to respondents to stop and desist in any action to confiscate any additional properties of the petitioner until such time as there has been oral arguments, (sic.) according to the rules of the Common Law of the United States of America, a Republic." Although the complaint (which petitioner insists is not a complaint) is so obscure as to be well-nigh incomprehensible, it can be gleaned that petitioner, having wrapped himself in the protective mantle of the "Common Law of the United States of America, a Republic" as a "Sovereign Indi-

vidual" now asserts absolute immunity from payment of federal income taxes to which ordinary mortals are subjected. Accordingly, petitioner declares that civil penalties assessed against him by the Internal Revenue Service under Sections 6702 and 6682 of Title 26 for filing frivolous tax forms are unlawful, along with that agency's attempt to collect either income taxes or penalties from him.

The allegations of the complaint and attachments indicate that plaintiff filed forms seeking to recover taxes paid for the years 1979, 1980, and 1981 based on the view that his wages and salary did not constitute taxable income. In July of 1983, plaintiff was assessed a penalty of $500.00 for filing a frivolous tax return. In December of 1983, the plaintiff was informed that his withholding form (W–4) dated April 4, 1983, in which he claimed an exempt status, did not meet the requirements of the Internal Revenue Code because plaintiff had not provided requested information, that his employer had been instructed to withhold income tax from his wages anyway, and that the Internal Revenue Service was assessing a $500.00 penalty under Internal Revenue Code Section 6682. A notice of federal tax lien was received by the plaintiff in February of 1984 pertaining to the assessment of the $500.00 civil penalty for filing a frivolous return.

Although it is not made completely clear by the pleadings on either side, at least one of the civil penalties has apparently been levied upon and collected, for petitioner prays that the defendants be enjoined from collecting any more and he may also be demanding return of that which has been collected.

Petitioner requires that the Secretary of the Treasury and the other defendants *personally* respond to his complaint noting that—

As an unenfranchised Sovrerign (sic.) Individual of the United States of America, a Republic, I DEMAND that no person who is an officer of this court show their face or answer any paper of mine and as

such the bar of equity has no jurisdiction in this court.

Defendants have filed through counsel, a motion to dismiss arguing that the action is barred by sovereign immunity, there is no subject matter jurisdiction, plaintiff's claim for injunctive relief is barred by 26 U.S.C. § 7421, plaintiff's claim for declaratory relief is barred by 28 U.S.C. § 2201, plaintiff has failed to state a claim upon which relief can be granted and that defendants have not been properly served.

Plaintiff has filed an opposition to the motion and a motion for default judgment, apparently predicated upon his singular notion that because defendants have appeared through counsel, their pleadings may be ignored. That motion, clearly frivolous, is hereby DENIED.

The complaint may certainly be construed as demanding injunctive relief which is prohibited by the Anti-Injunctive Act, 26 U.S.C. § 7421(a), "no suit for purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." The Supreme Court has created an exception where the taxpayer demonstrates that (1) under no circumstances can the government defendant prevail on its claim for taxes, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

Plaintiff declares that he is immune from taxation because he does not consider his wages to be taxable income and because he is a "Merchant and Trader at Law on a Cash Basis." I have news for petitioner: even such a "Merchant and Trader" who is an "unfranchised Sovereign Individual of the United States of America, a Republic" proceeding under the "Common Law of the United States of America, a Republic," rather than the "inferior" jurisdiction of "Equity and/or Admiralty Law," is bound, along with the rest of us, to pay the income taxes levied by that republic. Thus, accepting plaintiff's allegations as true, he has

advanced no valid reason why portions of his income are not owed as taxes and there is not the slightest doubt that the government will ultimately prevail.

■ Further it is clear that § 7421(a) bars suit to enjoin the recovery of withholding. *Zernial v. United States,* 714 F.2d 431 (5th Cir.1983); *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). The court has no jurisdiction to entertain plaintiff's request for injunctive relief.

■ Plaintiff is not entitled to declaratory relief since the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically exempts from coverage controversies "with respect to Federal Taxes."

■ Plaintiff also seems to argue that his property should not have been taken without a hearing based on procedural due process. However, the government's need for revenue justifies the use of summary procedures to collect money, followed by a later hearing on the seizure. *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Zernial v. United States, supra.* Plaintiff's due process rights are protected by his right to sue for a refund under 26 U.S.C. § 7422.

The government argues that plaintiff's suit, if one for a refund, is not within the court's jurisdiction, because there have been no allegations that the liability in question has been fully paid or that plaintiff has filed a claim for a refund as required by 26 U.S.C. § 7422(a). However, after reviewing the allegations of the plaintiff's "petition" and its attachments, it appears that plaintiff did ask for a refund of taxes paid in 1979–1981 and an adjustment of the civil penalty assessed.

■ Since plaintiff now asks for the return of the properties confiscated, his complaint could be construed as a suit for a refund. Assuming that plaintiff's suit for refund is properly before the court, the only reason advanced by the plaintiff as to why a refund of taxes or any assessed penalty should be granted is that he is not liable "under any mercantile equity jurisdiction" and that he is exercising his "common-law (of the United States of America only) right to work and said right does not involve any granted privilege to which a federal excise tax may be levied." On these pleadings, there is no set of facts on which plaintiff may be able to recover. If plaintiff's suit is one seeking a refund of withholding or a penalty, it fails to state a claim.

■ Petitioner's shield of the "Common Law" as an "Unenfranchised Sovereign Individual of the United States of America, a Republic," provides him with precisely the same degree of protection from federal income taxation as did the Ghost Dance of the Sioux warrior from the repeating rifles of the federal Calvary—ZERO.

Accordingly, the motion of defendants, whether brought in the "Common Law" or in the "inferior" jurisdiction of "Equity and/or Admiralty Law" is clearly meritorious. The motion is hereby GRANTED and this action will be DISMISSED.

■ The defendants, not content with throwing petitioner's claims out of court, also ask for the assessment of attorney's fees and expenses. The filing of frivolous lawsuits merely to protest the assessment of federal income tax has become a new and unpleasant indoor sport, particularly at a time when court dockets are crowded with cases of merit. The issues raised by the plaintiff in this action have been raised and adversely decided many times before. While consideration is given to the fact that the plaintiff in this proceeding is representing himself, the filing of a suit *pro se* does not give the plaintiff the right to proceed frivolously. Parties may be assessed reasonable expenses and attorney's fees under Fed.R.Civ.P. rule 11 and 28 U.S.C. § 2412 and the court finds that such an award is appropriate in this case. *See Meyers v. United States,* Civil No. 83–1044–B (M.D.La.1984). Defendants are entitled to such an award for the time, trouble and expense which petitioner's frivolous

action has put them to. Would that law, common or otherwise, also authorize assessment of a penalty upon plaintiff for the time and trouble to which his frivolous action has subjected the court.

 IT IS FURTHER ORDERED that the defendants recover all reasonable costs, including reasonable attorney's fees, as provided by law. The defendants shall file with the court within thirty days of the date of this order a list of such costs and judgment will be entered upon court approval of the amount of costs.