787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GORDON W. BEERBOWER, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA; COMMISSIONER OF INTERNAL REVENUE;
BRUCE A SETTELL; W. BIRD; GENERAL MOTORS CORPORATION,
HYDRAMATIC DIVISION; GLENN D. RISSMILLER; ROSS A. WINGLER,
AND JOHN/JANE DOES, Defendants-Appellees.
 85-1034
 United States Court of Appeals, Sixth Circuit.
 3/14/86
 
 AFFIRMED
 E.D.Mich., 592 F.Supp. 67
 ORDER
 BEFORE: MILBURN and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the order denying his motion for relief from judgment and awarding attorneys' fees to defendants. He has filed a motion for recusal of Judges Lively, Krupansky and District Judge Fairchild. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this pro se action against the United States, the Internal Revenue Service (the IRS), two IRS employees, General Motors Corporation (GM), and two GM employees. Plaintiff claimed that he submitted a W-4 form to GM stating that he was exempt from withholding taxes. The IRS instructed GM to disregard plaintiff's W-4 and withhold taxes as if plaintiff were single claiming one exemption. Plaintiff claims this act violated his fifth amendment due process rights, his equal protection and due process rights under the Michigan Constitution, the Article I, Sec. 9 prohibition against bills of attainder, his civil rights under 42 U.S.C. Secs. 1983, 1985 and 1986, and 18 U.S.C. Secs. 241 and 242. Plaintiff requested injunctive relief, fifty million dollars in damages and five hundred million dollars in punitive damages. The GM defendants filed answers and the government defendants filed a motion to dismiss. Plaintiff filed a response, in which he argued that his labor was not taxable, he was not within the IRS jurisdiction, and the IRS Code was unconstitutional. On September 17, 1984, the district court granted the motion to dismiss on the grounds that the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a), barred injunctive relief, the other claims were without merit, and the government defendants were immune from suit. The court also awarded attorneys' fees and costs to all defendants and ordered defendants to file their proofs within fifteen days. Defendants filed proofs of their costs and fees. On October 1, 1984, plaintiff filed a request for an extension of time to 'respond' to the judgment and proofs. The district court granted the motion and allowed plaintiff until October 15 to 'respond' to the judgment. On October 15, plaintiff filed a motion for reconsideration and objections to an award of attorneys' fees and costs in which he claimed that the Anti-Injunction Act did not apply to him because he was a 'nontaxpayer' and that 42 U.S.C. Secs. 1985 and 1986 prohibited discrimination against the class of 'nontaxpayers.' He also claimed that 42 U.S.C. Sec. 1988 prohibited an attorneys' fee award to the government and the GM defendants' fee request was too high. The district court denied plaintiff's motion on October 29, 1984. The court also entered orders awarding $764.68 to the United States and $300.00 to the GM defendants for attorneys' fees. We affirm.
 
 
 3
 The United States argues on appeal that this Court lacks jurisdiction because the notice of appeal was untimely, or alternatively, the scope of review is limited to whether the district court abused its discretion in denying plaintiff's motion for reconsideration. Fed.R.App.P. 4(a) provides that the notice of appeal must be filed within sixty days of the judgment when the United States is a party unless a time-tolling motion has been filed. The court of appeals has no jurisdiction if the notice of appeal is untimely. Browder v. Department of Corrections, 434 U.S. 257 (1978); Myers v. Ace Hardware, Inc., 777 F.2d 1009 (6th Cir. 1985); Peake v. First National Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). The judgment was entered on September 17, 1984. The notice of appeal was filed on December 26, 1984, clearly beyond the sixty days provided by Rule 4. Plaintiff's motion for reconsideration did not cite to any procedural rule and could have been construed as a motion under Fed.R.Civ.P. 59 or 60. If the motion was construed as brought under Rule 59(e), it did not toll the time for appeal since it was not timely. See Myers v. Ace Hardware, Inc., supra; Peake v. First National Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). The district court's order granting plaintiff's motion for an extension of time to respond was of no effect because the district court cannot extend the time for filing a motion under Rule 59(e). Id.; Fed.R.Civ.P. 6. The motion was timely if construed as a Rule 60(b) motion for relief from judgment, which may be filed within a year of the judgment, or within a reasonable time. However, a Rule 60(b) motion does not toll the time for appeal from the underlying judgment. Myers v. Ace Hardware, Inc., supra; Peake v. First National Bank & Trust Co., supra. The denial of the Rule 60(b) motion was appealable in itself, and the notice of appeal filed December 26 was filed within 60 days of the October 29, 1984, order denying the motion. The October 29 orders establishing the amount of attorneys' fees were also appealable. See Morgan v. Union Metal Manufacturing, 757 F.2d 792 (6th Cir. 1985). Therefore, this Court has jurisdiction over the appeal from the October 29 orders. The standard of review for denial of the Rule 60(b) motion is abuse of discretion and the appeal does not raise the underlying judgment for review. Peake v. First National Bank & Trust Co., supra.
 
 
 4
 Plaintiff claims on appeal that he is not a taxpayer subject to IRS jurisdiction, and the withholding of income tax from his wages violated fifth amendment due process, the supremacy clause, the prohibition against bills of attainder, 42 U.S.C. Secs. 1983, 1985 and 1986, 18 U.S.C. Secs. 241 and 242, and 5 U.S.C. Secs. 555 and 556. He also claims that the Anti-Injunction Act is inapplicable and the award of defendants' attorneys' fees was erroneous. The district court correctly held that plaintiff's claims were without merit. Plaintiff's claim that he is not a taxpayer is unsupported and frivolous. See Martin v. Commissioner of Internal Revenue, 756 F.2d 38 (6th Cir. 1985). Wages are taxable income. Perkins v. Commissioner of Internal Revenue, 746 F.2d 1187 (6th Cir. 1984). It is well-settled that withholding income tax from wages does not violate the constitution. See Edgar v. Inland Steel Co., 744 F.2d 1276 (7th Cir. 1984); Robinson v. A & M Electric, Inc., 713 F.2d 608 (10th Cir. 1983); Stonecipher v. Bray, 653 F.2d 398 (9th Cir. 1981), cert. denied, 454 U.S. 1145 (1982). An allegation that the taxpayer's employer withheld taxes from the taxpayer's wages does not state a cause of action against either the IRS or the employer. Id. Plaintiff has also failed to state a claim under 42 U.S.C. Sec. 1983, which requires violation of civil rights under color of state law. See Edgar v. Inland Steel Co., supra; Stonecipher v. Bray, supra. His claims under sections 1985 and 1986 are without merit because allegations of racial or other class based discrimination are required to state a claim under these sections. See Griffin v. Breckenridge, 403 U.S. 88 (1971); Stonecipher v. Bray, supra. Plaintiff's claim that the IRS has discriminated against the 'class' of nontaxpayers is ludicrous. 18 U.S.C. Secs. 241 and 242, criminal counterparts to the civil rights statutes, do not provide a basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). Plaintiff's claims under 5 U.S.C. Secs. 555 and 556 are clearly frivolous.
 
 
 5
 Plaintiff's claims for injunctive relief are barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a), which provides that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.' Plaintiff's request that the IRS and GM be enjoined from withholding taxes from his wages clearly attempts to restrain the collection of taxes and falls within the Anti-Injunction Act's prohibition. See Edgar v. Inland Steel Co., supra; Robinson v. A & M Electric, Inc., supra; Stonecipher v. Bray, supra. The exceptions to the Anti-Injunction Act, that a suit can be maintained if the taxpayer can show that the government cannot possibly prevail and there is no adequate remedy at law, Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962), do not apply in this case. Plaintiff's claims have no merit and he has an adequate remedy at law by way of a suit for a refund under 26 U.S.C. Sec. 7422.
 
 
 6
 The district court's award of attorneys' fees to all defendants did not state the basis for the award. However, defendants' motion for attorneys' fees requested fees under the 'bad faith' exception to the general rule that parties pay their own fees, citing Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240 (1975). The district court also cited to its decision in Pascoe v. Internal Revenue Service, 580 F.Supp. 649 (E.D. Mich. 1984), aff'd in unpublished order, 755 F.2d 932 (6th Cir. 1985), in which attorneys' fees were awarded to the government on the basis of the plaintiff's bad faith in a tax protester suit. Parties are required to pay their own attorneys' fees in the absence of statutory authorization. See Alyeska Pipeline Co. v. Wilderness Society, supra; Toth v. United Automobile, Aerospace & Agricultural Implement Workers, 743 F.2d 398 (6th Cir. 1984). An exception to this rule exists when the losing party acted in bad faith. Id. Attorneys' fees are awardable when a party brings a meritless action in bad faith. Shimman v. International Union of Operating Engineers, 744 F.2d 1226 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 1191 (1985). In this case, plaintiff's claims were all routine tax protester arguments that have been consistently rejected by the courts. In addition, this is the second tax protester suit filed by this plaintiff. See Beerbower v. Commissioner of Internal Revenue, No. 83-1416 (6th Cir. Dec. 1, 1983). Under these circumstances, the district court did not abuse its discretion in awarding attorneys' fees to defendants.
 
 
 7
 Plaintiff has moved for the recusal of Judges Lively, Krupansky, and Fairchild on the grounds that they ruled against him in his prior appeal in Case No. 83-1416 before he had filed his reply brief. A party moving for recusal of a judge must show a reasonable factual basis for disqualification or personal bias of the judge arising from an extrajudicial source. See Khan v. Yusufji, 751 F.2d 162 (6th Cir. 1984); United States v. Story, 716 F.2d 1088 (6th Cir. 1983); City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir.), cert. denied, 449 U.S. 834 (1980). Plaintiff has not alleged an objective basis for disqualification or personal bias. A judge's participation in a prior proceeding involving the party does not require recusal. Demjanjuk v. Petrovsky, 776 F.2d 571 (6th Cir. 1985). Therefore, the motion for recusal is denied.
 
 
 8
 Defendants have requested an award of costs and attorneys' fees on appeal under Fed.R.App.P. 38. The complaint and appeal are frivolous and raise claims that have been rejected by federal courts in numerous tax protester cases. Under these circumstances, double costs and attorneys' fees will be awarded under Fed.R.App.P. 38. See Martin v. Commissioner of Internal Revenue, 756 F.2d 38 (6th Cir. 1985); Perkins v. Commissioner of Internal Revenue, 746 F.2d 1187 (6th Cir. 1984).
 
 
 9
 Accordingly, it is ORDERED that plaintiff's motion for recusal is denied. Defendants' motions for double costs are granted. Plaintiff is also directed to pay $500 for defendants' attorneys' fees to be divided equally. Rule 38, Federal Rules of Appellate Procedure. The district court's judgment is affirmed. Sixth Circuit Rule 9(d)(2).