952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent SHARON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Sharon, Jr., appeals pro se the tax court's order granting the Commissioner of Internal Revenue's (CIR) motion for judgment on the pleadings and imposing damages against Sharon pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm the tax court's decision, as well as its imposition of damages. In addition, we impose sanctions of $1,000 against Sharon pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 * Standard of Review
 
 
 4
 Whether the tax court's judgment on the pleadings was proper is a question of law which we review de novo. See Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th. Cir.1986). The tax court's imposition of sanctions pursuant to 26 U.S.C. § 6673 is reviewed for an abuse of discretion. Id. at 1454.
 
 II
 Merits
 
 5
 Sharon contends that the tax court erred by granting the CIR's motion for a judgment on the pleadings. This contention is without merit.
 
 
 6
 Rule 34(b)(4) of the Tax Court Rules of Practice and Procedure requires the petitioner to give clear and concise assignments of each error allegedly committed by the CIR in its determination of his deficiency. 26 U.S.C. § 7453 Tax Ct.R. 34(b)(4). Failure to do so is grounds for dismissal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988).
 
 
 7
 Sharon does not dispute that he earned wages during the tax years in question, 1982, 1984, and 1986, nor does he allege that the CIR made any computing errors in calculating the amount of his tax deficiency based on these wages. Instead, Sharon contends that he is exempt from direct unapportioned federal income tax because he is a natural born citizen of the state of California and was neither a United States citizen living abroad with foreign sourced earned income nor a non-resident alien with United States sourced earned income. Sharon also contends that the CIR's failure to provide him with an administrative hearing prior to issuing the notice of deficiency violated due process and the Administrative Procedure Act ("APA"), and that the tax court's judgment on the pleadings also violated his right to due process under the Constitution and the APA. Finally, Sharon contends that the CIR's notice of deficiency was not valid. Not only are these contentions wholly meritless, but they also fail to meet the requirements of Rule 34(b)(4). See Wilcox, 848 F.2d at 1008.
 
 
 8
 First, Sharon's wages are not exempt from federal income tax. See U.S. Const. amend. XVI (granting Congress authority to collect income tax); 26 U.S.C. § 1(c) (individual citizens are subject to federal income tax); Treas.Reg. § 1.1-1 ("[s]ection 1 of the Code imposes [a federal] income tax on every individual who is a citizen or resident of the United States" (emphasis added)); United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens") (quotations omitted); Wilcox, 848 F.2d at 1008 & n. 3 (United States citizen's "wages are income ... [and] income may be taxed without apportionment under the Sixteenth Amendment").[1]
 
 
 9
 Second, Sharon was not denied due process. "[F]ailing to provide a taxpayer with an administrative fact finding hearing [prior to issuing a notice of deficiency] does not violate due process." Wilcox, 848 F.2d at 1008. Sharon's reliance on section 554(a)(1) of the APA, which requires an administrative hearing, is misplaced. Section 554(a)(1) is inapplicable to matters "subject to a subsequent trial of the law and the facts de novo in a court." 5 U.S.C. § 554(a)(1). Thus, because the tax court reviews de novo the CIR's determination of a deficiency, the section 554(a)(1) does not apply. See id.; Clapp v. Commissioner, 875 F.2d 1396, 1403 (9th Cir.1989).
 
 
 10
 Furthermore, the summary disposition of Sharon's petition does not violate due process. Sharon was given the opportunity to assert errors in the CIR's determination of deficiency. Sharon, however, chose not to challenge any of the factual assertions by the CIR but instead advanced clearly meritless legal arguments which the tax court reviewed and rejected. Given these circumstances, the tax court did not err by dismissing the action without a hearing. See, e.g., Wilcox, 848 F.2d at 1008; accord Knighten v. Commissioner, 702 F.2d 59, 61 (5th Cir.) (if petitioner fails to assert any factual dispute and all his legal arguments are clearly meritless, "there is simply no point in having [a hearing]; the Constitution does not require such futile exercises"), cert. denied, 646 U.S. 897 (1983); see also Stonechipher v. Bray, 653 F.2d 398, 403 (9th Cir.1981) (statutory scheme for contesting CIR's deficiency determinations comports with due process), cert. denied, 454 U.S. 1145 (1982).[2]
 
 
 11
 Third, the CIR's notice of deficiency was valid. "[N]o particular form is required for a valid notice of deficiency, ... and the Commissioner need not explain how the deficiencies were determined." Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir.1987) (citation omitted). Moreover, the CIR's determination of deficiencies and additions to tax are presumptively correct. Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus the taxpayer bears the burden of producing evidence that the CIR's determination is incorrect. See id.; Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). Given that Sharon does not dispute the CIR's allegation of earnings during the tax years in question and that the notice of deficiency indicated that the CIR had determined the amount of the deficiency, the CIR has meet its statutory mandate for a valid notice of deficiency. See Scar, 814 F.2d at 1367.[3]
 
 
 12
 Finally, a large portion of Sharon's brief on appeal is devoted to the principle that pro se petitions must be construed liberally. We agree. Nevertheless, even a liberal reading of Sharon's petition fails to reveal a valid legal argument. Thus, because Sharon did not raise any factual disputes and because his legal arguments are meritless, the tax court did not err by granting the CIR's motion for judgment on the pleading. See Wilcox, 848 F.2d at 1008; see also Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987) (even pro se petitioners must comply with court rules).
 
 II
 Tax Court Sanctions
 
 13
 Under 26 U.S.C. § 6673, the tax court "may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). We review the tax court's imposition of damages pursuant to section 6673 of the Code for an abuse of discretion. Id.
 
 
 14
 Here, the tax court found that Sharon's claims were frivolous and filed primarily for delay and awarded the CIR $2,000 in damages pursuant to section 6673 of the Code. Because we agree that Sharon's contentions are frivolous, we find that the tax court did not abuse its discretion by imposing damages. See id.
 
 III
 Appellate Sanctions
 
 15
 The CIR requests sanctions against Sharon for bringing this appeal. We have has discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Sharon's claims are wholly without merit. Accordingly, we impose $1,000 damages as a sanction.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sharon contends the CIR improperly labeled him a "taxpayer." This contention is frivolous. The Code defines a "taxpayer" as "any person subject to any internal revenue tax." 26 U.S.C. 7701(a)(14). As stated above, Sharon, as a natural born citizen and resident of the state of California with United States sourced earnings, is a person subject to internal revenue tax. Accordingly, Sharon is a "taxpayer" as defined by the Code
 
 
 [2]
 Because the tax court conducts a de novo review, it is not a "reviewing court" for purposes of the APA. Consequently, Sharon's reliance on the APA's provisions governing reviewing courts also is misplaced. See Clapp, 875 F.2d at 1402-03 (tax court "exercises de novo review"); 5 U.S.C. §§ 702 & 705
 
 
 [3]
 To the extent Sharon seeks to challenge the District Director's authority to issue a notice of deficiency, this argument fails. See Treas.Reg. § 301.6212-1