959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Murlin E. GREGG, Plaintiff-Appellant,
v.
Robert M. TAGUE; Darrel Wroten, et al., Defendants,
and
Internal Revenue Service; William "Bill" Brooks; County of
Clackamas; Michael Higgins; Western Title
Company, Inc.; Safeco Title Insurance
Company Inc., Defendants-Appellees.
 No. 91-35272.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murlin Gregg appeals pro se the district court's judgment in favor of defendants in his action for fraud, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), civil rights violations, and various state law torts. The district court dismissed Gregg's amended complaint as to some defendants for failure to effect service of process and for failure to state a claim. The district court granted summary judgment in favor of the remaining defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 This is Gregg's second appeal to this court in this action. Originally, Gregg's action was dismissed for failure to serve some defendants and failure to state a claim. Gregg appealed, and we affirmed the dismissal for failure to serve, but reversed the dismissal of the complaint for failure to state a claim because Gregg, as a pro se litigant, should have been given notice of the deficiencies and opportunity to amend. See Gregg v. Tague, No. 88-3808, unpublished memorandum disposition (9th Cir. Sept. 26, 1989).
 
 
 4
 On remand, the magistrate issued an order giving Gregg lengthy and thorough instructions regarding how to serve defendants and how to plead the elements required to state a claim for each of Gregg's causes of action. Gregg filed a "corrected amended complaint" naming Robert M. Tague, Darrel Wroten, Safeco Title Insurance Co., Michael Higgins, Western Title Co., Clackamas County Sheriff William Brooks, and Dennis Hills as defendants. Gregg alleged claims for fraud, violation of RICO and Oregon RICO, violation of 42 U.S.C. § 1983, nuisance, trespass, emotional distress, usury, loansharking, and violation of the Truth in Lending Act. The district court dismissed the complaint as to all defendants except Hills for failure to effect service and/or failure to state a claim. The district court granted summary judgment for Hills.
 
 
 5
 On appeal, Gregg contends that (1) he pleaded fraud with sufficient particularity to staisfy Rule 9(b) and Rule 8 of the Federal Rules of Civil Procedure, (2) defendant Dennis Hills harassed Gregg and his wife, and (3) Gregg was entitled to a jury trial under the seventh amendment.[1]
 
 
 6
 First, Rule 9(b) requires particularity in pleading the circumstances of fraud. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Id. Conclusory allegations of fraud are not sufficient under Rule 9(b). Id. Under Oregon law, the elements of fraud are: (1) a false representation; (2) made with knowledge or belief that the representation is false; (3) intent to induce the other party to act or refrain from acting in reliance on the misrepresentation; (4) justifiable reliance on the misrepresentation in acting or refraining from acting; (5) damage resulting from such reliance. Riley Hill Gen. Contractor, Inc. v. Tandy Corp., 303 Or. 390, 405, 737 P.2d 595, 604 (1987) (en banc).
 
 
 7
 Here, Gregg's "corrected amended complaint" fails to plead fraud with sufficient particularity to satisfy Rule 9(b). Gregg's complaint contains confusing allegations regarding a loan secured by a second deed of trust on his property and allegedly unlawful foreclosure proceedings. Gregg makes conclusory allegations of usury, loan sharking, racketeering, and conspiracy against all the defendants. The complaint does not contain a coherent explanation of the underlying facts, or the roles of the various defendants in any wrongs. The complaint simply does not contain clear, concise and intelligible allegations of the elements of fraud as to any of the defendants. See Fed.R.Civ.P. 9(b); Moore, 885 F.2d at 540. Accordingly, the district court correctly dismissed Gregg's fraud pleadings for failure to comply with Rule 9(b).
 
 
 8
 Second, we construe Gregg's contentions regarding harrassment by Hills as a challenge to the summary judgment in favor of Hills. Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Hills is a federal Internal Revenue Service official who conducted an investigation of Gregg and his wife regarding taxes they owed to the federal government and their ability to pay. Gregg attempted to assert section 1983 claims, Bivens-type claims, RICO claims, and various state law and common law torts against Hills.
 
 
 9
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Here, Hills is a federal agent and, therefore, was not acting under color of state law. See Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1982). There are no allegations in the complaint that suggest that Hills was ever acting under color of state law. Thus, the district court correctly concluded that Gregg had failed to state a section 1983 claim against Hills. See id.
 
 
 10
 Because Hills is a federal agent, the district court construed Gregg's claims for violation of constitutional rights as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Federal officials are entitled to qualified immunity to suits for damages. Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Government officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818. Gregg alleges that Hills threatened, intimidated, and harassed Gregg and his wife regarding federal taxes. Gregg also makes conclusory allegations that Hills conspired with the other defendants to engage in racketeering and loansharking. Vague and conclusory allegations are insufficient to support a claim for conspiracy under Bivens. See Branch v. Tunnell, 937 F.2d 1382, 1388 (9th Cir.1991). Gregg has failed to show that Hills violated any clearly established constitutional right. See Harlow, 457 U.S. at 807. Thus, the district court properly granted summary judgment for Hills on Gregg's Bivens claim on the basis of qualified immunity.
 
 
 11
 The district court also correctly granted summary judgment for Hills on Gregg's RICO claims. To state a claim under RICO, Gregg must allege a pattern of racketeering activity by an enterprise engaged in interstate commerce. 18 U.S.C. § 1962. Gregg also must show that Hills engaged in racketeering activity and how Hills is employed by or associated with the enterprise. U.S. v. Benny, 786 F.2d 1410, 1414 (9th Cir.), cert. denied, 479 U.S. 1017 (1986). A claim under RICO must meet the Rule 9(b) particularity requirements. Moore, 885 F.2d at 541. Here, Gregg makes only conclusory allegations of the existence of an enterprise. Further, he has not shown facts supporting a pattern of racketeering by Hills. See id. Thus, the district court correctly granted summary judgment for Hills on the RICO claims.
 
 
 12
 Finally, Gregg asserted common law and state law torts against Hills and sought damages. Because these torts were based on acts that occurred within the scope of Hill's employment as an IRS agent, the United States was substituted as defendant under the Federal Torts Claims Act. See 28 U.S.C. § 2679(d)(1); Grimesy v. Huff, 876 F.2d 738, 744 n. 6 (9th Cir.1989), cert. denied, 111 S.Ct. 1620 (1991). The district court correctly dismissed these claims as barred by section 2680(c) of the FTCA, which bars FTCA claims "arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).
 
 
 13
 Gregg's final contention on appeal is that he was entitled to trial by jury under the Seventh Amendment. The district court's grant of summary judgment does not violate Gregg's right to a jury trial under the Seventh Amendment. Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077 n. 3 (9th Cir.1986). Accordingly, Gregg's right to a jury trial was not violated.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These are the only contentions Gregg raises in his opening brief. Arguments which are not raised in the appellant's opening brief are deemed abandoned, even if the appellant is proceeding pro se. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988). Accordingly, we do not address the other grounds for the district court's judgment