974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. JUDGE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70733.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John E. Judge appeals pro se the tax court's decision dismissing his petition for redetermination of deficiency for tax year 1987 for failure to prosecute. The tax court upheld the Commissioner of Internal Revenue's ("Commissioner") deficiency determination and penalties and additions, and imposed sanctions. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review for abuse of discretion, Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988), and affirm the tax court's decision, as well as its imposition of sanctions. In addition, we award sanctions of $1,000 against Judge pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 Here, the Commissioner issued Judge a notice of deficiency of $2,511 in federal income tax for tax year 1987, plus penalties and additions. Judge filed a petition for redetermination of deficiency in tax court in which he argued that he was not engaged in any revenue taxable activity for the year in question, the deficiency failed to cite any statute authorizing the tax, the Commissioner had no authority to issue the notice of deficiency, and the IRS was not authorized to operate outside the boundaries of Washington, D.C. The tax court granted the Commissioner's motion to strike as frivolous all petitioner's allegations except the allegation that he was not engaged in taxable activity. In his reply to the Commissioner's answer, Judge maintained that at all times relevant to tax year 1987, he was a citizen of Oregon or Nevada and therefore "not subject to the 'jurisdiction of the United States,' " and that he received his wages from companies in Oregon and Nevada which are sovereign states "foreign to the jurisdiction of the 'United States.' " After Judge refused to stipulate to uncontested facts as directed by the tax court's pretrial order, served interrogatories on the Commissioner, and continued to maintain frivolous arguments despite warnings that to do so would result in the imposition of sanctions, the tax court dismissed Judge's petition for failure to prosecute.
 
 
 4
 On appeal, Judge contends that the notice of deficiency was invalid because it cited no statute authorizing the tax and therefore the tax court lacked jurisdiction over his petition. Judge further contends that no determination of his status as an individual subject to tax was made, and that he was denied due process because he was not afforded administrative remedies prior to the issuance of the notice of deficiency. These contentions lack merit.
 
 
 5
 Section 1 of the Internal Revenue Code imposes an income tax on the income of every individual who is a citizen or resident of the United States. 26 U.S.C. § 1; see United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens") (quotations omitted); Wilcox, 848 F.2d 1007, 1008 & n. 3 (9th Cir.1988) (United States citizen's "wages are income ... [and] income may be taxed without apportionment under the Sixteenth Amendment"). Further, the Commissioner's deficiency determination is entitled to a presumption of correctness. Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). Thus, Judge's arguments that the notice of deficiency was invalid are meritless. Finally, due process does not require that Judge be provided with administrative remedies prior to the issuance of the notice of deficiency. See Wilcox, 848 F.2d at 1008; Stonecipher v. Bray, 653 F.2d 398, 403 (9th Cir.1981) (due process rights are adequately protected by statutory scheme which allows taxpayer to contest liability in tax court or sue for refund in district court).[1]
 
 
 6
 The tax court imposed $5,000 sanctions against Judge pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. We review the tax court's imposition of sanctions for abuse of discretion. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). The tax court may impose sanctions of up to $25,000 on a taxpayer for bringing an action which is frivolous and groundless. Id. Here, we agree with the tax court that Judge's petition was frivolous and find no abuse of discretion in the tax court's imposition of sanctions. See id.
 
 
 7
 The Commissioner requests sanctions against Judge for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Judge's claims are wholly without merit. Accordingly, we impose $1,000 damages as a sanction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Judge also contends that the statutes which authorize the penalties and additions do not exist. This argument is meritless. See 26 U.S.C. § 6651(a); 6653(a)(1)(A) & (B) (amended 1988); 6654(a)