977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff SLAMA, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70007.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 5, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeff Slama appeals pro se the tax court's dismissal of his petition for redetermination of deficiency. The tax court found that it lacked jurisdiction to consider the petition because it was filed more than 90 days after the mailing of the notice of deficiency. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo, Scar v. Commissioner, 814 F.2d 1363, 1366 (9th Cir.1987), and affirm.
 
 
 3
 Section 6212(a) of the Internal Revenue Code states in part: "If the Secretary determines that there is a deficiency in respect of any tax imposed ... he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C. § 6212(a). Section 6213(a) provides in part: "Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ... taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a). The timely filing of a valid petition for redetermination is jurisdictional. Scar, 814 F.2d at 1366.
 
 
 4
 Here, the Commissioner mailed a valid notice of deficiency to Slama at his last known address by certified mail on April 22, 1991. The 90-day period within which to file a petition for redetermination expired on July 22, 1991. See 26 U.S.C. § 6213(a). Slama mailed his petition for redetermination on August 8, 1991, well beyond the expiration of the 90-day period. Thus, the tax court correctly found that it did not have jurisdiction to consider Slama's untimely petition. See Scar, 814 F.2d at 1366.
 
 
 5
 Slama contends that the 90-day period for filing his petition did not commence until he received the notice of deficiency on May 13, 1991, and that therefore his petition was timely filed on August 8, 1991. This contention lacks merit. The statute clearly states that the petition must be filed "[w]ithin 90 days ... after the notice of deficiency ... is mailed, " 26 U.S.C. § 6213(a) (emphasis added). Further, this court has consistently held that the mailing of the notice of deficiency commences the 90-day period. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988) (notices of deficiency are valid and begin running the limitation period upon mailing, regardless of when or if they are received); United States v. Zolla, 724 F.2d 808, 810 (9th Cir.) (same), cert. denied, 469 U.S. 830 (1984); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982) (same).
 
 
 6
 Slama also argues that the provisions of the Internal Revenue Code governing the commencement of the 90-day period violate his constitutional rights to due process and equal protection. These arguments lack merit. A taxpayer's due process rights are adequately protected by the statutory scheme governing the tax court. Stonecipher v. Bray, 653 F.2d 398, 403 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1982). Further, Slama has raised no allegations implicating the equal protection clause.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3