UNITED STATES of America,
Plaintiff-Appellee,

*v.*

Arthur Reed PRICE,
Defendant-Appellant.

No. 85–2557
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 1986.

Arthur Reed Price, pro se.

Henry K. Oncken, U.S. Atty., and Susan L. Yarbrough and James R. Gough, Asst. U.S. Attys., Houston, Tex., for U.S.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A person convicted of willful failure to file tax returns or pay tax and of filing fraudulent withholding exemption certificates asserts the untenable proposition that he is not amenable to the same laws as others because he is a citizen of Texas and, as such, has special status that exempts him from payment. While he may be correct in asserting that Texas is not an ordinary state, this fact does not accord its citizens immunity from federal income taxation. We, therefore, affirm the conviction.

Arthur Price states that he is a "Dejure citizen of the State of Texas, under principles of jus sanguinis and jus soli." He believes that Texas is not an ordinary state and that he is a "nominal" class citizen, ipso facto, who does not need to pay federal income taxes. He filed no tax returns and claimed exemption from withholding during the years, 1980–82. Consequently, he was indicted and charged with violating the applicable provisions of the Tax Code.[1] The "counsel" he chose to represent him at trial was not a licensed attorney and the court refused to allow this person to appear, but appointed two lawyers to represent Price, or to assist him, as Price chose. Declaring his independence from lawyers as well as from the United States, Price refused to cooperate with the lawyers or to seek their aid. Proceeding pro se at trial, he presented no opening argument, neither presented nor cross examined witnesses, and made virtually no closing statement. A jury found him guilty of all charges. He was sentenced to serve five years in prison, the last three of which were suspended in favor of five years supervised probation; he was also ordered to pay past due taxes, penalties and interest, and a $5,000 fine.

Price's appeal is based on two theories. His first is that Texas enjoys a special status among the "fifty-nine (59) 'states' in this UNION" [sic]. As a citizen of Texas, he asserts that he is not subject to federal jurisdiction in the way that citizens of many of the other less privileged states

1. 26 U.S.C. §§ 7203, 7205 (1982).

might be and that "his STATUS is different than most of the automatons inhabiting our lands today." Not surprisingly, he asserts that his special status enables him to remain beyond the reach of the Internal Revenue Code. Nevertheless, he apparently concedes that the federal courts have jurisdiction over him. His second theory is that his right to the assistance of counsel was denied when the court refused to permit him to be represented by an unlicensed attorney, presumably skilled in the arcane legal principles to which Price himself adheres.

In support of his various claims, Price cites the General Laws of Massachusetts of 1672, the Federalist Papers, *Marbury v. Madison*, concurring opinions in the *Dred Scott* decision, the Northwest Ordinance of 1787, the Articles of Confederation, Thomas Paine, and Jesus Christ.

■ Price's "special status" argument has no legal merit. However the qualities of its people, land, and history may differentiate them from those of other states and their citizens, Texas is a state like the other forty-nine, under the same national constitution and laws. The citizens of Texas are subject to the Federal Tax Code.[2] The withholding provisions of the Tax Code are constitutional.[3]

■ Price was not denied counsel. In fact, a standby counsel, whose assistance Price refused, was present at trial. The sixth amendment guarantee of the right to counsel does not grant a defendant the right to have counsel who is not admitted to the bar.[4] The right to counsel is a right to be represented by a member of the Bar, who has been admitted to practice before the court in which he appears.[5]

For these reasons, the judgment is AFFIRMED.

---

**2.** *See* U.S. Constitution, art. 1 Section 1, art. 6, Cl. 2, Amendments 14, 16.

**3.** *Beatty v. Commissioner of Internal Revenue*, 667 F.2d 501, 501–02 (5th Cir.1982) (citing *Central Illinois Public Service Co. v. United States*, 435 U.S. 21, 98 S.Ct. 917, 55 L.Ed.2d 82 (1978)), *reh'd*, 676 F.2d 150 (1982).

**4.** *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir.1986); *United States v. Brown*, 591 F.2d 307, 310 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Bertolini*, 576 F.2d 1133 (5th Cir.1978) (per curiam); *United States v. Arlt*, 560 F.2d 200 (5th Cir.1977).

**5.** *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir.1983).