986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Loran G. ROOP, Jr., Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 92-2241.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 28, 1993.*
Decided Feb. 23, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Loran Roop filed a suit against the United States, claiming that the Internal Revenue Service ("IRS") made an erroneous income tax assessment against him and improperly seized his property in satisfaction of that assessment. See 28 U.S.C. § 2410(a)(1). He sought an order declaring the liens filed against his property and the levies served on his employer invalid, and he sought a refund of the amount collected as a result of the liens and levies. The district court granted summary judgment in favor of the government. Fed.R.Civ.P. 56(c). Roop appeals, and we affirm.
 
 I. BACKGROUND
 
 2
 Roop, a citizen of Indiana, is employed by the United States Postal Service. He contends that he is not a citizen of the United States, receives no income or benefits from within the United States, and that therefore he owes no federal income taxes. He reaches this conclusion by adopting a rather unique definition of the United States. He claims that the United States consists only of the District of Columbia, Guam, Puerto Rico, the Virgin Islands, the Northern Mariana Islands, and certain other "possessions, enclaves, and trust territories." The IRS, which uses a more conventional definition of the United States, disagrees. It determined that Roop owed income taxes for the taxable years of 1984 through 1987, as well as a $500 fine for filing a false Employee's Withholding Exemption Certificate for the taxable year of 1985, and assessed him accordingly.
 
 
 3
 The IRS sent Roop a notice and demand for payment for each of the taxable years and for the $500 fine. These notices did not prompt Roop to pay his taxes, so in December 1989, March 1990, and again in April 1991, the IRS filed notices of a federal tax lien against Roop in Washington County, Indiana, the county in which Roop resides, and served notices of levy on Roop's employer.
 
 
 4
 In May 1990 Roop filed a suit in the United States District Court for the Southern District of Indiana. He contended that, as a citizen of Indiana, he did not owe taxes to the United States. He asked the court to declare the liens and levies invalid and to refund to him the seized money. The district court found that the government had not waived its sovereign immunity, and dismissed the lawsuit for lack of subject matter jurisdiction. Roop v. United States, No. NA 90-58-C (S.D.Ind. Feb. 8, 1991).
 
 
 5
 Four months later, Roop filed the present suit in which he challenges the same liens and levies that were the subject of his earlier suit. This time, however, he professes to challenge not his underlying tax liability, but only the procedures used by the IRS in obtaining the liens and levies upon his property. He asks for a declaratory judgment that the liens and levies are invalid and seeks return of the money levied upon in partial payment of his outstanding tax liabilities. The district court granted summary judgment in favor of the government. This appeal followed.
 
 II. ANALYSIS
 
 6
 On appeal, Roop first urges us to revisit the claim that he raised in his first suit, Roop v. United States, No. NA 90-58-C (S.D.Ind. Feb. 8, 1991), that, as a citizen of Indiana, he is not obliged to pay federal income taxes. This claim is, of course, nothing more than a challenge to his underlying tax liability. See Falik v. United States, 343 U.S. 38, 40 (2d Cir.1965) (Friendly, J.). Roop did not challenge his underlying tax liability in the district court. Indeed, in his complaint, Roop explicitly disavows such a claim. Because it was not raised in the district court, the claim is not properly before this court for resolution. Toro v. Fairman, 940 F.2d 1065, 1067 (7th Cir.1991), cert. denied, 112 S.Ct. 3038 (1992); Kensington Rock Island v. American Eagle Hist. Partners, 921 F.2d 122 (7th Cir.1990). Moreover, the claim is frivolous, having been soundly rejected by Courts of Appeals that have considered it. See In re Becraft, 885 F.2d 547, 548 (9th Cir.1989); United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990), cert. denied, 111 S.Ct. 2022 (1991); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir.1987), cert. denied, 485 U.S. 1022 (1988); United States v. Price, 798 F.2d 111, 113 (5th Cir.1986); Lovell v. United States, 755 F.2d 517 (7th Cir.1984).
 
 
 7
 Roop devotes only a small portion of his brief to address the issue on appeal, whether summary judgment was proper. We review the district court's grant of summary judgment de novo. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). In support of its motion for summary judgment, the government produced copies of Certificates of Assessments and Payments, commonly referred to as Forms 4340, as proof that the taxes were assessed against Roop and that notice of those assessments was given to, and demands for payment of the assessed liabilities were made upon, Roop.
 
 
 8
 To avoid summary judgment in favor of the government, Roop was required to rebut the evidence produced by the government showing that the assessments were procedurally proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In opposition to the government's motion Roop asserted that the government's proffer of Forms 4340 was insufficient. Instead, Roop argued, pursuant to 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1, the government had to produce a summary record of assessment, commonly known as a Form 23C, for each assessment made upon him. He advances this same argument on appeal.
 
 
 9
 Roop's contention lacks merit. Indeed, it flies in the face of well-settled precedent in this and other circuits. Form 4340 constitutes presumptive proof of a valid assessment. See Geiselman v. United States, 961 F.2d 1, 6 (1st Cir.), cert. denied, 113 S.Ct. 261 (1992); Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992); Gentry v. United States, 962 F.2d 555 (6th Cir.1992); United States v. Walton, 909 F.2d 915, 919 (6th Cir.1990); United States v. Bowers, 920 F.2d 220, 223-24 (4th Cir.1990); United States v. Chila, 871 F.2d 1015, 1017-19 (11th Cir.1988), cert. denied, 493 U.S. 975 (1989); United States v. Miller, 318 F.2d 637, 639 (7th Cir.1963). The government, by producing Forms 4340 summarizing the assessments made upon Roop, sufficiently established a prima facie case that it made valid assessments upon Roop for the relevant taxes.
 
 
 10
 Roop also contends that the assessment upon him was improper because no return was filed either by Roop or by the IRS. This contention merits no discussion, for the IRS is not required to prepare and execute a return for a taxpayer who fails to file a return. Roat v. CIR, 847 F.2d 1379, 1381 (9th Cir.1988); United States v. Verkuilen, 690 F.2d 648, 657 (7th Cir.1982).
 
 III. CONCLUSION
 
 11
 For the foregoing reasons the district court's grant of summary judgment in favor of the government is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record