26 F.3d 135
 74 A.F.T.R.2d 94-5102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Mary Thomas, Revenue Officer,
Plaintiffs-Appellees,
v.
Michael P. TUURI, Defendant-Appellant.
 No. 93-16724.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1994.*
Decided June 3, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Tuuri appeals pro se the district court's order enforcing an Internal Revenue Service (IRS) summons for appearance and production of books, records, papers, and other data relating to the determination of his tax liability for the 1989 and 1990 tax years. We affirm.
 
 
 3
 Tuuri first argues that the government did not prove the jurisdictional facts required by 26 U.S.C. Sec. 7401. As this action is for the enforcement of a summons to appear and produce documents for the purpose of determining Tuuri's tax liability pursuant to 26 U.S.C. Sec. 7602, rather than an action to collect taxes, 26 U.S.C. Sec. 7401 does not apply. See United States v. Asay, 614 F.2d 655, 658-59 (9th Cir.1980) (fine for contempt for failure to comply with summons not subject to 26 U.S.C. Sec. 7401 requirements).
 
 
 4
 Tuuri's argument that he is not a citizen of the United States or the State of California, but of "the California Republic" only, and that the United States therefore has no jurisdiction over him, is frivolous. See United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir.) (district court has criminal jurisdiction over Hawaiian residents who claim that they are citizens of the Sovereign Kingdom of Hawaii and not of the United States), cert. denied, 114 S.Ct. 225 (1993); United States v. Price, 798 F.2d 111, 113 (5th Cir.1986). Furthermore, failure to hold an evidentiary hearing on a frivolous issue is not a denial of due process. See United States v. Stuckey, 646 F.2d 1369, 1374 (9th Cir.1981) (evidentiary hearing is held if taxpayer's allegations are sufficient to state a defense against summons), cert. denied, 114 S.Ct. 225 (1982).
 
 
 5
 Tuuri contends that the IRS already possesses sufficient documentation to determine his income and is seeking information regarding his expenditures only. As the IRS is permitted to use evidence of expenditures to prove taxable income, see United States v. Ayers, 924 F.2d 1468, 1475 (9th Cir.1991), it may require production of information regarding expenditures in order to determine tax liability. See 26 U.S.C. Sec. 7602(a) (Secretary of Treasury is authorized to examine any records and receive any testimony that may be relevant to determination of tax liability).
 
 
 6
 Tuuri argues that if the government is seeking information about expenditures in order to uncover hidden income, he is protected by the fifth amendment privilege against self-incrimination. "But the fifth amendment's self-incrimination clause does not give taxpayers a right to withhold financial information from the IRS unless they can show an appreciable possibility of prosecution for a non-tax crime." Brooks v. Hilton Casinos Inc., 959 F.2d 757 (9th Cir.), cert. denied, 113 S.Ct. 300 (1992). Tuuri does not argue that he faces the possibility of prosecution for any crime other than hiding a source of income to avoid tax liability. Accordingly, the fifth amendment does not protect him from the requirement that he produce any information in his possession that might shed light on his income for the 1989 and 1990 tax years.
 
 
 7
 Tuuri's speculation regarding a code number appearing on IRS documents does not adequately allege that the IRS did not have a proper purpose in issuing the summons. See Stuckey, 646 F.2d at 1375 (taxpayer must show that no legitimate purpose exists for summons). Furthermore, Tuuri did not challenge the legitimacy of the IRS's purpose in district court. With certain exceptions that are not applicable here, we will not consider issues raised for the first time on appeal. Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3