United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-20628
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE HENDERSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:05-MC-0073)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

George Henderson appeals from the district court's enforcement of an administrative

summons from the Internal Revenue Service (IRS). We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2004, the IRS served an administrative summons on Henderson to gather

evidence related to Henderson's tax liability for 1999, 2000, and 2001. Henderson did not comply

with the summons, and the United States sought enforcement of the summons in district court. The

---

*Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

district court issued an enforcement order against Henderson, which he appeals to this court. Henderson argues that the district court lacked jurisdiction over him and that his Fifth Amendment right against self-incrimination was violated by the summons.

## II. DISCUSSION

We review both of Henderson's challenges de novo. *See, e.g., Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000) (de novo review of jurisdictional issues); *FDIC v. Fid. & Deposit Co. of Maryland*, 45 F.3d 969, 977 (5th Cir. 1995) (de novo review of legal issues, including Fifth Amendment challenges). The United States District Court for the Southern District of Texas is an Article III court established by Congress. *See* 28 U.S.C. § 124. The IRS has authority under 26 U.S.C. § 7602(a) to issue an administrative summons in order to "determin[e] the liability of any person for any internal revenue tax" and to seek enforcement of that summons in federal court under 26 U.S.C. § 7604. Both of these statutes are federal laws that the district court has jurisdiction to consider under 28 U.S.C. § 1331. The court had personal jurisdiction over Henderson because of his domicile in the jurisdiction. *See, e.g., Milliken v. Meyer*, 311 U.S. 457, 463-64 (1940); *see also* 26 U.S.C. § 7604(a).[1] Thus, the district court had both subject matter and personal jurisdiction over the enforcement action brought by the IRS. We also note that the IRS summons was valid under *United States v. Powell*, 379 U.S. 48, 57-58 (1964). *See also United States v. Wyatt*, 637 F.2d 293, 300 (5th Cir. 1981).

The district court's enforcement of the summons did not violate Henderson's Fifth Amendment right to not incriminate himself. An administrative summons implicates the Fifth

---

[1] Henderson's claim that he is not a citizen of the United States is frivolous. *See, e.g., United States v. Price*, 798 F.2d 111 (5th Cir. 1986).

Amendment if its sole purpose is to build a criminal case. *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969). There is no indication that the government's sole purpose in enforcing the summons was to gather evidence to bring criminal charges against Henderson; instead, the purpose of the summons, partially if not entirely, was to assess Henderson's tax liability. Therefore, the enforcement of the summons did not violate the Fifth Amendment.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

3