# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN PARKS TROWBRIDGE, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:14-CV-27

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

John Parks Trowbridge ("Trowbridge") appeals the district court's grant of summary judgment in favor of the government, which ordered Trowbridge's income tax liabilities for 1993 through 1997 reduced to judgment, the associated tax liens on the real property foreclosed, and the real property sold. Trowbridge has not contested the validity of the tax liabilities or his ownership

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the real property at issue.  He has therefore waived those issues.  *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Instead, Trowbridge argues that Harris County is not in the United States and that he is not a citizen of the United States.  He contends that this means the district court did not have subject matter jurisdiction over tax actions against residents of states and that he is not subject to federal income taxes.

This court has already rejected as frivolous the argument that district courts lack subject matter jurisdiction over tax actions against residents of states.  *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991).  This court has also stated that 26 U.S.C. §§ 7602(a) and 7604, which authorize the issuance and enforcement of IRS summonses, "are federal laws that the district court has jurisdiction to consider under 28 U.S.C. § 1331."  *United States v. Henderson*, 209 F. App'x 401, 402 (5th Cir. 2006).  Moreover, 28 U.S.C. § 1340 explicitly grants district courts jurisdiction in internal revenue cases and 28 U.S.C. § 1345 explicitly grants jurisdiction for civil suits commenced by the United States.

Trowbridge's argument that he is not a citizen of the United States is equally frivolous.  He presents "shopworn arguments characteristic of tax-protestor rhetoric that has been universally rejected by this and other courts."  *Stearman v. Commissioner*, 436 F.3d 533, 537 (5th Cir. 2006).  This court has already held that the "citizens of Texas are subject to the Federal Tax Code."  *United States v. Price*, 798 F.2d 111, 113 (5th Cir. 1986).  We do not address his arguments further as there is "no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest these arguments have some colorable merit."  *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984).  They have no merit at all.

This is not the first time Trowbridge has had these frivolous arguments rejected.  In *Trowbridge et al. v. Commissioner*, T.C. Memo. 2003-164, 2003 WL

No. 14-20333

21278475, Trowbridge made similar arguments in contesting his 1991-1995 tax liabilities.  The tax court imposed a $25,000 sanction.  In contesting his 1996-1997 tax liabilities, Trowbridge again used similar arguments in the tax court; he was sanctioned a second time.  *Trowbridge et al. v. Commissioner*, T.C. Memo. 2003-165, 2003 WL 21278414, at *10.  Trowbridge appealed to this court and once again resorted to frivolous arguments.  This court upheld the tax court's sanctions and imposed additional sanctions.

Given Trowbridge's history of frivolous appeals, we GRANT Appellee's motion for sanctions pursuant to Fed. R. App. P. 38 in the amount of $8,000. We also order that Trowbridge be barred from filing any further appeals in this court until (1) the sanctions awarded by this court are fully paid; and (2) a district court certifies his appeal as having some arguable merit. *See Smith v. McCleod*, 946 F.2d 417, 418 (5th Cir. 1991).  Trowbridge's motions are DENIED as moot.

Accordingly, the order of the district court is **AFFIRMED**.